CASE No. 1140.

BURCKHALTER v. COWARD.

1. In action of slander the jury may give exemplary damages, and in fixing the amount of their verdict, may consider the pecuniary condition of the defendant.

2. While the defendant, under his plea of justification for the slander, must prove his charge to make the defense complete, the jury, in fixing their verdict, may take into consideration circumstances of aggravation or of mitigation.

3. In action of slander for words imputing a crime to plaintiff, the defendant, to support a plea of justification, must produce a record of conviction of the crime so imputed, or else show the plaintiff's guilt by evidence sufficient to convict him if on trial for such crime; otherwise, the jury must find for plaintiff. A mere preponderance of evidence is not sufficient to sustain the plea.

4. Where the plea of justification fails because unsupported by evidence, the jury, in estimating the damages, may consider this as a circumstance of aggravation and of continued and express malice.

5. To be entitled to the opening and reply, the defendant must fully admit the plaintiff's case, so that the verdict, in the absence of evidence, would be for the plaintiff. Hence, where the actionable words stated in a complaint for slander were admitted, but not to their full extent, and the malice charged was denied, the defendant is not entitled to open and reply.

6. And, *it seems*, that in all actions for unliquidated damages for personal injuries, libel and slander, the plaintiff opens and replies.

7. The defendant cannot challenge talesmen drawn in place of jurors removed by the challenges of the plaintiff. The right of challenge in civil cases is given by statute, and may be exercised only upon the jury as first empaneled.

———

Before Kershaw, J., Aiken, September, 1881.

Action by Hudson B. Burckhalter against Thomas W. Coward, commenced in July, 1881. The plaintiff demanded judgment against the defendant for $5,000 damages for "false and defamatory words maliciously" spoken by defendant concerning the plaintiff, to wit, that plaintiff "had broken into a store between midnight and day, and stolen goods, and that defendant could and would prove that plaintiff had done so." The answer admitted that defendant had said "that plaintiff had broken into a store in the night-time and stolen goods, and that he could and would prove that plaintiff had done so;" that defendant has been informed and believes that the plaintiff has been and is guilty of the charge; that all this was said "in full belief of its truth and verity, and not from any motive of malice towards the plaintiff."

The evidence is not reported. The requests to charge, and other matters, are stated in the opinion of this court. The charge to the jury was as follows:

The words alleged by the plaintiff to have been spoken of him are substantially the same as those admitted by the defendant. They are words which impute a crime to the plaintiff, and, therefore, are actionable in themselves, without proof of special damage, and if the testimony has failed to prove their truth to

your satisfaction, plaintiff is entitled to recover such damages as are, in your judgment, reasonable and proper under the circumstances. If, however, the testimony satisfies you that the charges made by defendant are true, by a clear preponderance of the proof, then your verdict must be for the defendant. The charge made is substantially the breaking and entering of the store, and the stealing of goods therefrom. To find for the defendant, it is necessary that you must be satisfied that the store in question was broken and entered by the plaintiff, and that goods of the character specified in the answer were taken by plaintiff under the circumstances alleged. The proof need not be beyond a reasonable doubt. It is sufficient that you be satisfied by the preponderance of the testimony, so that you believe the charge to be true. If the question of the truth or falsity of the words spoken remain so doubtful that you cannot decide it from the testimony, and it is left equally balanced in your mind, you must find for the plaintiff, because the burden of proof is upon the defendant, and he is bound to satisfy you affirmatively of the fact of the plaintiff's guilt of the charge he has made, or his defense fails. If you find for the plaintiff you must find such damages as you think, under the circumstances, he ought to have. The amount should be apportioned according to the infamy of the charges made, and the circumstances under which they were spoken. They should be sufficient to compensate the plaintiff for the injury done him, and to punish the defendant for his wrongful act, according to the degree of wrong of which you may find him to have been guilty under the circumstances. You will take into consideration any circumstances of excuse or mitigation which you may find to exist on the one hand, or of the evil purpose, malice and aggravation on the other, and find such amount as you think proper, having relation to the pecuniary condition of the defendant. In no case can you exceed the sum claimed in the complaint.

The verdict was for the defendant, and plaintiff appealed.

*Mr. James Aldrich,* for appellant.

*Messrs. Henderson Bros.,* contra, cited, on the first exception,

2 *Spears* 418; 2 *Rich.* 184; 15 *S. C.* 82, 443. 2d exception—5 *Rich.* 235; 1 *Hill* 251. 3d, 4th and 5th exceptions—60 *Me.* 209; 12 *Bush* 5; 3 *Hawks* 63; 5 *Yerger* 211; 24 *Ill.* 566; 9 *N. H.* 150; 25 *Id.* 122. 7th exception—9 *Rich.* 426.

January 24th, 1882. The opinion of the court was delivered by

McGOWAN, A. J. This was an action of slander. The case was called for trial, and was to be heard by jury No. 1, which was full. The plaintiff objected to two of the jurors peremptorily, and to one for cause. The three jurors were directed to leave the box, leaving nine upon the panel. Before the defendant exercised his right of challenge he requested the court to have the panel filled, which was done against the protest of the plaintiff. After the jury was thus filled up the defendant objected to two of the jurors who had been called as talesmen. They retired from the jury, which was filled up by a second drawing from the talesmen. The plaintiff excepted.

The defendant's answer contained a plea of justification—that he spoke the words substantially, but without malice. Upon the pleadings the defendant claimed that he was entitled to open and reply in evidence and argument, and the court so ruled. To which the plaintiff excepted.

The evidence being closed, the plaintiff requested the judge to make certain charges, which he refused. Under the charge the jury found a verdict for the defendant, and the plaintiff appeals to this court upon the following exceptions:

1. "That his Honor erred in overruling plaintiff's objection to the filling of the panel after plaintiff had peremptorily challenged two jurors and one for cause, and before defendant had exercised his right of challenge; and in allowing defendant to challenge jurors after the panel was filled from the talesmen; and in allowing defendant to challenge two of the talesmen drawn to fill the panel.

2. "That his Honor erred in allowing defendant, upon the pleadings, the right to the opening and reply in evidence and in argument.

3. " Because his Honor refused to charge as requested by plaintiff.

4. " Because his Honor erred in charging the jury that ' if the testimony satisfies you that the charge made by the defendant is true by the clear preponderance of the proof, then your verdict must be for the defendant.'

5. " Because his Honor erred in charging that ' the proof need not be beyond a reasonable doubt. It is sufficient that you be satisfied by the preponderance of the testimony, so that you believe the charge to be true.'

6. " Because his Honor erred in charging that ' you will take into consideration any circumstances of excuse or mitigation which you may find to exist on the one hand, or of the evil purpose, malice and aggravation on the other.'

7. " Because his Honor erred in charging the jury that in fixing the amount of the verdict they could find such amount as they think proper, having relation to the pecuniary condition of the defendant."

We will consider these exceptions in their reverse order.

*As to the last.* In actions of libel and slander, where the object of the plaintiff is to recover damages for aspersions cast upon him, the jury is authorized to give what is called exemplary or vindictive damages. The primary object in such cases is to obtain such a verdict as will compensate the plaintiff for the injury done him, and to operate as an example to others; but it is also allowable to add something by way of punishment to the defendant, and as the action sounds only in damages, a verdict which would punish a defendant of small means might be no punishment whatever to another of large fortune. According to our decided cases it was not error to charge the jury that in fixing the amount of the verdict they might consider the pecuniary condition of the defendant. The exact point was ruled in the case of *Rowe* v. *Moses,* 9 *Rich.* 426, where it is said by Judge O'Neale, in delivering the judgment of the court: " In my long experience as a lawyer and a judge I never knew an exception taken in actions for assault and battery, *slander,* malicious prosecutions, and malicious torts generally, to evidence of defendant's *wealth ;* and if such proof could now be excluded as a measure

of damage it would be in fact to reverse a course of justice coeval
with the administration of it by the courts in this State."

*The sixth exception* complains that it was error to charge
that the jury might take into consideration any circumstances of
excuse or mitigation on the one hand, or of evil purpose, malice
and exaggeration on the other. It is true that when the plea of
justification is entered in an action of slander there is no complete
defense except by proof of the charge, but in fixing the amount
of the verdict we do not see why there may not be circumstances
of aggravation or of mitigation in such case as well as in any
other. Why may not the defendant say : "I spoke the words,
but under great provocation, or in sudden heat and passion," or
"I spoke them only once, and then only from public rumor," &c.?
It is true that the defendant cannot avail himself of the defense
which the truth of the charge affords without pleading justifica-
tion ; but it does not follow that in all such cases the verdict
must be the same without regard to the facts and circumstances
of aggravation or mitigation. Understood only as applying to
the amount of damages, we see no error in this charge.

*The fourth and fifth exceptions* allege error in the charge
"that the proof need not be beyond a reasonable doubt. It is
sufficient if you are satisfied by the preponderance of the testi-
mony, so that you believe the charge to be true." The judge
was requested to charge that "where the words impute crime to
the plaintiff, the defendant, to support a justification that the
charge is true, must show the plaintiff's guilt by evidence
sufficient to convict him of the crime on a trial for it, and if the
defendant fails so to do, the jury must find for the plaintiff."
We think it was error to refuse this request, and to hold that
mere preponderance of evidence was enough to sustain the plea.
Although it was not a criminal proceeding, a *crime* was charged,
and the authorities hold in such case that it is proper to make
the same proof which would be necessary to convict the party in
a criminal proceeding for that crime.

"If the plaintiff has been tried and convicted, the conviction
may be given in evidence in support of the plea of justification.
If a man be adjudged by the Sessions to be the father of a
bastard child, the adjudication is an answer to any complaint

made by him in the spiritual court or elsewhere against any one for saying or publishing that he has had a bastard. When the plaintiff has not been actually convicted of the felony he must be tried by the jury upon the plea of justification in the same way as if he was on his trial upon an indictment for the offense in a criminal court; so that if there is a doubt of his guilt the jury are bound to give him the benefit of the doubt." *Add. Torts* (3 ed.) 819; *Towns. Sl. & L.* 613; 5 *Wait Ac. & Def.* 758; *Richards* v. *Turner, C. & M.* 417; 2 *Greenl. Evid.* § 426.

*The third exception* embraces a refusal to charge as requested, that "if the defendant undertakes to justify the slander and fails, because the justification is unsupported by the evidence, it is an aggravation of the charge, evinces continued and express malice, and may be properly considered by the jury to increase the damages." The judge refused to charge in the words stated; but did charge that "if the defendant undertakes to justify the slander and fails because the justification is unsupported by the evidence, it may be considered as a circumstance of aggravation and of continued and express malice, and may properly be considered by the jury in estimating the damages." We see no error in the proposition as stated by the judge.

*The second exception* is that the judge erred in allowing the defendant the right to open and reply in evidence and argument. Upon this subject our present rule of court, LIX., is identical with the old rule which was in force before 1868. It is in these words: "On all motions or special matters, either springing out of a cause or otherwise, the actor or party submitting the same to the court shall in like manner begin and close; and so shall the defendant when he admits the plaintiff's cause by the pleadings, and takes upon himself the burden of proof, have the like privilege."

There is no doubt that the defendant is entitled to begin and close the case when he admits upon the record the plaintiff's cause of action, and takes upon himself the burden of proof; but it is insisted here that the admission in this case did not amount to the admission of the plaintiff's cause of action. The action was for slander. The complaint charged that the defendant maliciously spoke concerning the plaintiff certain false

and defamatory words, stating them; to which the defendant answered, admitting that he spoke the words, (nearly the identical words charged, but omitting the phrase "between midnight and day,") and adding "that he is informed and believes that the plaintiff has been and is guilty of each and every charge in the said complaint alleged to have been made against him by the defendant; and that whatever the defendant has said of or concerning the plaintiff he has said in full belief of its truth and verity, *and not from any motive of malice towards the plaintiff*," &c.

Was this an admission of the plaintiff's cause of action? Malice is a necessary ingredient of slander, and it was alleged in the complaint. The plaintiff's cause of action was not only that the words were spoken, but that they were spoken "maliciously." The admission that the words were spoken without malice was an admission of only a part of the cause of action. It was to this extent pleading both the general issue and justification. "Every plea of justification must meet and justify the charge or complaint set forth on the face of the declaration. If it does not do this, reasonably and substantially, it is a nullity." *Add. Torts* (3 *ed.*) 807. "The test to determine which party has the right to begin, and, of course, to determine where is the burden of proof, is to consider which party would be entitled to the verdict if no evidence were offered on either side. For the burden of proof lies on the party against whom, in such case, the verdict ought to be given." 1 *Greenl. Evid.* § 74, and note.

Upon proof of the allegations of the complaint in this case the plaintiff would have been entitled to recover. Did the answer, admitting the words but denying malice, shift the burden of proof upon the defendant? If the case had been submitted upon the complaint and answer, the defendant would have been entitled to a verdict, and therefore it cannot be said that the burden of proof was taken upon himself by the defendant. It was still necessary that the plaintiff should prove that part of the complaint which alleged malice. "The party who asserts the affirmative of the issue is entitled to begin and reply. If the record contains several issues, and the plaintiff holds the affirmative in any one of them, he is entitled to begin, as if, in an action

of slander for charging the plaintiff with a crime, the defendant should plead not guilty and a justification. For when the plaintiff is obliged to produce any proof in order to establish his right to recover, he is generally required to go into his whole case, and therefore is entitled to reply." 1 *Greenl. Evid.* § 74.

In the case of *Mercer* v. *Whall,* 5 *Ad. & E. (N. S.)* 447, it was held that whenever, from the state of the record at *nisi prius,* there is anything to be proved by the plaintiff, he is entitled to begin. Lord Chief Justice Denman said: "The natural course would seem to be that the plaintiff should bring his own cause of complaint before the court and jury in every case where he has anything to prove, either as to the facts necessary for his obtaining a verdict, or as to the amount of damages to which he conceives the truth of such facts may entitle him. The law, however, has, by some, been supposed to differ from this, and to require that the defendant, by admitting the cause of action stated on the record, and pleading only some affirmative fact, which, if proved, will defeat the plaintiff's action, may entitle himself to open the proceeding at the trial. * * * I have never doubted that the plaintiff was privileged and required to begin whenever anything was to be proved by him. The simplicity and easy application of this mode of practice would recommend it to adoption if the question were new, and would raise a great probability that the common sense of old times had sanctioned it as a part of our system."

After much controversy on the subject, it seems to have been finally settled in the English courts that in all actions *for unliquidated damages for personal injuries,* the plaintiff is entitled to open and reply. Mr. Greenleaf says: "The difficulty in determining the point exists chiefly in those cases where the action is *for unliquidated damages,* and the defendant has met the whole case by an affirmative plea. In these it has, at length, been settled by a rule *of the fifteen judges* that the plaintiff shall begin in all actions for personal injuries, libel and slander, though the general issue may not be pleaded and the affirmative be on the defendant." 1 *Greenl. Evid.* § 76, and note.

It has been held in our case of *Brown* v. *Kirkpatrick,* 5 *S. C.* 267, that the question must be determined by *the nature of the*

*issues* rather than by the character of the evidence called for in their support. The same case also decides that error in giving the reply to the party not entitled to it is appealable.

*The first exception* is that the judge erred in overruling plaintiff's objection to filling the panel after plaintiff had peremptorily challenged two, and a third juror for cause; and in allowing defendant to challenge jurors called from the talesmen; and in allowing defendant to challenge two of the talesmen thus drawn. The right to challenge jurors peremptorily was confined exclusively to criminal cases down to the year 1841, when the privilege, to a limited extent, was given in civil actions by the act passed in that year, which is in these words: "In all civil cases in which a jury shall be charged with the trial of any issue, each party shall have the right to challange, without cause therein, *two of the jury so empaneled,* and the place of the jurors so challenged shall be supplied as provided by law." (*Gen. Stat.* 523.) The right to challenge jurors in a civil case is not derived from the common law or based upon any general principle, but is conventional, and comes entirely from this statute, in the construction of which the courts have decided that the right to challenge is confined to the original *jury so empaneled;* and that it is not allowable to challenge peremptorily a juror who did not belong to the original panel, but was called to fill a vacancy caused by the challenge of the other party. It may be that the same reason exists for making a talesman drawn liable to challenge as well as one of the original jurors; but the statute which gives the right does not so declare. If the precise point, in form involved here, has not been decided, the principle of construction which embraces this case has been. *Kleinback* ads. *City Council,* 2 *Spears* 418; *Durant* v. *Ashmore,* 2 *Rich.* 184; *Huff* v. *Watkins,* 15 *S. C.* 82; *Gunter* v. *The Graniteville Manufacturing Company, Id.* 443.

In the case last cited it is said by the chief justice: "In a recent case (*Huff* v. *Watkins, ante* 82,) the exact point raised here was decided, and we need not now go beyond that decision. It maintains fully the exception of the defendant here, and must govern in the construction to be placed upon Section 26, Chap. CXI., of Gen. Stat., in reference to challenges to jurors in civil

·cases." In that case, as in this, one of the parties was allowed to challenge a juror taken from the talesmen and not belonging to the original panel, and, upon that ground, a new trial was ·ordered.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.

SIMPSON, C. J., and McIVER, A. J., concurred.