### 8577

### GILL v. RUGGLES.

1. SLANDER—EVIDENCE.—In an action of slander statements made by defendant derogatory of plaintiff's character at times other than those alleged in the complaint is competent on the issue of malice.

2. IBID.—IBID.—OPINION.—In such an action, after a witness has stated the words used by defendant he may give his opinion as to whether defendant was friendly to him.

3. IBID.—JUSTIFICATION.—The answer in this case having been treated by plaintiff and the Court as an unqualified plea of justification and the Court so having treated it in his charge without the defense having called his attention to a misstatement of the issues and the answer being much involved, the defendant will not now be heard to say the instruction of the Court as to the effect of failure to prove the plea of justification was erroneous.

MR. JUSTICE FRASER, the CHIEF JUSTICE concurring, dissents.

4. CRIMES.—GRAFTING is the fraudulent acquisition of property by using official position for personal gain, and is the statutory crime of breach of trust with fraudulent intent in its worst form.

5. CHARGE—REQUEST.—The beginning of a request "It appears" was properly changed to "If it appears" where the proof is not conclusive of the facts referred to.

6. SLANDER.—In an action of slander, the jury may consider in mitigation of damages whether the defendant made the statements on information which he believed to be true.

Before DEVORE, J., Marion, April term, 1912. Affirmed.

Action by Chas. E. Gill against Charles F. Ruggles. Defendant appeals.

*Messrs. Washburn, Bailey & Mitchell, W. F. Stackhouse* and *L. D. Lide,* for appellant.

*Mr. W. F. Stackhouse* and *L. D. Lide,* cite: *Words not alleged should not be proven:* 8 Ency. Ev. 292; 3 Hill 175. *Defendant did not plead truth as justification:* 25 Cyc. 461; 4 Rich. 258. *Instruction not applicable to facts in case is error:* 66 S. C. 18, 449; 75 S. C. 512; 63 S. C. 559. *Charge of grafting is not charging a crime:* 3 Rich. 242; 2 Rich. 295.

*Messrs. Willcox & Willcox* and *Henry Buck,* contra, cite: *Witness may give opinion after stating reasons:* 82 S. C. 71. *If issues were misstated counsel should have called Judge's attention to it:* 62 S. C. 546; 63 S. C. 290; 68 S. C. 392; 72 S. C. 355; 74 S. C. 306; 84 S. C. 568. *Defandant must prove truth of crime:* 16 S. C. 435. *Words imputing crime must be taken in their commonly accepted meaning:* 25 Cyc. 355; 2 Rich. 573; 2 Bail. 592; 2 N. & M. 511; 1 N. & M. 290, 215; 25 Cyc. 270, 272.

June 11, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for slander. The complaint sets forth three causes of action, but in as much as the trial Judge withdrew the third cause of action from the jury and there is no appeal from his ruling, we will consider only the first and second.

The material allegations of these causes of action are as follows:

"For a First Cause of Action.

Third. "That, as plaintiff is informed and believes, at Marion, in the county of Marion and State of South Caro-

lina, on the 6th day of March, A. D. 1911, the defendant herein in the presence of and to Robert Kickbusch and F. S. Swinbank wilfully, wantonly, falsely and maliciously slandered this plaintiff, in that in the presence of said persons and to them he openly and falsely charged this plaintiff with having grafted and stolen from the Southern Carolina Lumber Company, a corporation chartered and organized under the laws of the State of South Carolina, large sums of money in the sale of lumber for the said Southern Carolina Lumber Company to others and in otherwise robbing said company in numerous ways; that the defendant then and there to said persons falsely charged that said grafting and stealing was done by plaintiff while acting as president of said Southern Carolina Lumber Company, as manager and director thereof, and further falsely accused this plaintiff, as such president, manager and director, of appropriating to his own use large sums of money belonging to the said Southern Carolina Lumber Company, in the following words, to wit: 'Gill has been grafting from the company in the sale of lumber to Sterling Lumber Company, which is Gill & Son, and has been robbing the company in various other ways, and I can furnish the evidence to put him behind the bars if you want to use it;' to plaintiff's damage in the sum of fifty thousand dollars."

"For a Second Cause of Action.

Third. "That at Marion, in the county of Marion, in the State of South Carolina, on the 7th day of August, A. D. 1911, in the presence of H. S. Wunderlich, J. H. Rademaker, Joseph Wightman and L. D. Lide, the defendant, Charles F. Ruggles, openly, wantonly, wilfully, falsely and maliciously slandered this plaintiff by then and there and in the presence of said persons charging this plaintiff with having fraudulently grafted and stolen from Southern Carolina Lumber Company, a corporation chartered and organized under the laws of the State of South Carolina, large sums of money in the purchase of certain machinery

for said company, in the following words, to wit: 'This man, Gill, has grafted from this company in his purchase for the company. No one believes that he paid three thousand dollars for the skidder that he bought, and no one believes that he paid eighteen hundred dollars for the steam loader that he bought, and the same way through all his purchases. You, Gill, are so crooked you have been asked not to sit in any more games of cards at the Carmichael Hotel; you have been grafting and stealing from this company all the way through;' to plaintiff's damage fifty thousand dollars."

The answer denied these allegations and set up that while he had made statements in regard to the plaintiff, yet that the statements which he did make were privileged communications and he believed them to be true, and that they were made without malice. The trial resulted in a verdict for plaintiff for seven thousand five hundred dollars, judgment entered thereon and the defendant appealed on the following exceptions:

I. "Because his Honor erred, it is respectfully submitted, in allowing plaintiff's witness, N. S. Wunderlich, to testify over defendant's objection, as to remarks made by the defendant concerning the plaintiff at times other than those alleged in the complaint, on the ground that such testimony was incompetent and not responsive to the allegations of the complaint, and was prejudicial to the defendant."

This exception does not direct the attention of this Court to the exact evidence complained of. As a general proposition it can not be sustained. In *Morgan* v. *Livingston*, 2 Rich. Law, p. 585, it is said: "The action of slander is intended not only to recompense a plaintiff for an injury done to his character, but also to punish the defendant for his malice. Any evidence which shows that the slander has been again and again repeated is competent to prove malice. The greater length of time in which the defendant has

repeated his publication, evidences that his words have not been the result of passion and shows a deliberate purpose to injure plaintiff."

II. "Because his Honor erred, it is respectfully submitted, in refusing to strike out the testimony of plaintiff's witness, H. S. Wunderlich, to the effect that defendant never seemed to be very friendly towards the plaintiff 'for a time back,' in that such testimony was incompetent, not responsive to the allegations of the complaint was a mere expression of the opinion of the witness, and was prejudicial to the defendant."

There were two statements by this witness in which he gave his opinion. The motion to strike out applied only to the second statement. At that time the witness had stated the remarks of the appellant, and it was not error to allow him to express his opinion. There are numerous cases that hold this, *Douglas* v. *Ry.*, 82 S. C. 71 among them. This exception is overruled.

III. "Because his Honor erred, it is respectfully submited, in charging the jury as follows: 'Where the truth is pleaded in justification, failure to sustain the plea by proof may be construed by a jury as an aggravating circumstance in estimating damages.' I charge you that, where a person said he was justified in speaking the words because they were true, and he fails to establish the truth of them on the trial by evidence, the jury may take that into consideration as an aggravating circumstance in estimating the damages."

" 'While the defendant, under his plea of justification for the slander, must prove his charge to make the defense complete, the jury, in fixing their verdict, may take into consideration circumstances of aggravation or of mitigation.' I charge you that, as I have already done."

" 'In action of slander of words imputing a crime to the plaintiff, the defendant, to support a plea of justification, must produce a record of conviction of the crime so

imputed, or else show the plaintiff's guilt by evidence sufficient to convict him if on trial for such crime; otherwise, the jury must find for plaintiff. A mere preponderance of evidence is not sufficient to sustain the plea.' I so charge you. That means this: It is alleged in the plaintiff's complaint that the defendant charged him with stealing and grafting. Those two things amount to crime in South Carolina. Now, when the defendant undertakes to justify by saying that it is true, then the defendant must prove the truthfulness of that statement and the evidence to establish the truthfulness of that statement must be such as would enable a jury to convict the person of the crime charged if he was on trial for it. That is, the defendant must prove the charge beyond a reasonable doubt, instead of by the greater weight or preponderance of the evidence. In other words, if I were to say to you, Mr. Foreman, that you stole my horse, and said it wilfully, falsely and maliciously, and you were to sue me for slander, and I would undertake to justify, my defense would be a justification; that is, that I told the truth when I said it. When I undertook to prove my defense, I would have to prove your guilt. I would have to prove the charge against you by evidence that would warrant a jury in convicting you if I was on trial for it. That is, I would have to prove it beyond a reasonable doubt."

" 'Where the plea of justification fails because unsupported by evidence, the jury, in estimating the damages may consider this as a circumstance of aggravation, and of continued and express malice.' You may do that."

"The above quoted portions of the charge were erroneous, in that the defendant did not plead generally or specifically the truth of the alleged statements set forth in the complaint, and did not offer any evidence tending to show the truth of such alleged statements, and the said portions of the charge were highly prejudicial to the defendant, in

that the jury naturally inferred therefrom that the burden of proof was upon the defendant to prove the truth of the slanderous words alleged in the complaint to the satisfaction of the jury beyond a reasonable doubt, in order to escape liability, and that the failure so to prove the truth of the said alleged slanderous words would, as charged by the presiding Judge, be a circumstance of aggravation; whereas, the defendant submits: (a) that he did not in his answer admit the use of the slanderous words alleged in the complaint, but on the contrary, denied the use thereof; (b) that he did not plead the truth of the slanderous words alleged in the complaint as justification; (c) that upon the trial, the testimony of the defense tended to disprove the use of the slanderous words alleged in the complaint, and defendant did not attempt in any way to prove the truth of the said alleged slanderous words."

This exception is sustained. The appellant denied the words alleged. He did not allege that the words were true and did not undertake to prove them. The defendant said in his answer, I did not say what you charged me with saying, and put up a witness to attempt to prove that he did not say the things charged. Therefore, to charge the law as to justification was misleading. The respondent says that if the Judge misstated the issue the appellant ought to have called his attention to the error, and having failed to do so, has waived his right to object. His Honor stated the issue correctly and stated that the defendant claimed that the words he did speak were true, to wit: "Whatever words I used on that occasion were true." That differs very widely from justification. Justification is, "yes, I said you stole and you did steal." When his Honor then charged the law as to justification, it was misleading. It is but fair to his Honor, the trial Judge, to say that this answer covers thirty-one and one-half pages of the printed brief, and it is not surprising that some confusion crept in.

IV. "Because his Honor erred, it is respectfully submitted, in charging the jury that 'grafting' is a crime in this State, and that words charging one with grafting are actionable *per se,* in that the word 'grafting' does not necessarily impute a crime."

"Grafting" is not necessarily a crime, and is not a synonym of "stealing." Stealing is the popular word for the technical word larceny.

The Century Dictionary defines "Graft." 2 "Figuratively, something inserted in or incorporated with another thing to which it did not originally belong; an extraneous addition." The word as applied to officials, either public or private, would, therefore, indicate some advantage derived by the officer that was not contemplated or provided for by the appointing power. The advantage may be forbidden by law, and, therefore, a crime. It may not be forbidden by law, and, therefore, not a crime, however improper from an ethical view of the matter. To illustrate: In former days certain officers were entitled to free ferriage by virtue of their offices. Free ferriage was not then graft for these officers, because it was theirs by law and the right to free ferriage was conferred with the office. The legislature might then repeal the law requiring free ferriage. The owners of the ferry might think it to their advantage to continue free ferriage to these same officers for some hoped for advantage to themselves to be derived from a lax enforcement of the law or in the hope of securing new privileges. Free ferriage would then come to the officer as graft. Whatever view one may hold as to the moral of accempting free ferriage, it would not be a crime. The legislature might then seek to destroy the evil effect of allowing the ferry companies to put public officers under obligations to them and forbid the giving and accepting of free ferriage and affix a penalty to it. The acceptance of free ferriage (graft) would then become a crime.

It was the province of the jury to say in what sense the word was used and not a matter of judicial construction. *Morgan* v. *Livingston,* 2 Rich. Law, p. 283 : "If words are susceptible of two meanings, one imputing a crime and the other innocence, the latter is not to be adopted and the other rejected as a matter of course. In such a case, it must be left to the jury to decide in what sense the defendant used them." The converse is equally true, that the Court can not adopt, as a matter of course, that meaning that imputes a crime. It is a question for the jury, and his Honor invaded the province of the jury when he said, in this connection, that if the defendant used the word "grafting," he intended to charge a crime. There is a presumption that where two words are used they represent two ideas. It is true that some men use all the synonyms their vocabularies will afford in the effort to express an idea, but they always fail in exactness and these men are exceptions.

This exception is sustained.

V. "Because his Honor erred, it is respectfully submitted, in modifying defendant's first request to charge, which read as follows : 'It appearing from the evidence that whatever was spoken by the defendant of the plaintiff, so far as the second cause of action set forth in the complaint is concerned, was said at a meeting of the board of directors of the Southern Carolina Lumber Company, of which board both plaintiff and defendant were members, in the presence only of the officers and directors of the said company, in the course of discussions relating to the business and affairs of the said company, such communications were privileged, and the presumption is that there was no malice on the part of the defendant, and in order to recover on this cause of action, plaintiff must show by the preponderance of the evidence that the defendant was actuated by malice towards him in making these said statements."

The said request was modified by striking out the words "It appearing," at the commencement of the said request and inserting in lieu thereof the words "if it appears," it being submitted that the entire testimony showed without contradiction that the facts set forth in said request were true.

The point here is that his Honor substituted "if it appears" for "it appearing." This exception is overruled. The substitution was proper.

VI. "Because his Honor erred, it is respectfully submitted, in modifying defendant's fifth request, which is as follows: 'If you find from the evidence that whatever was said by the defendant of the plaintiff was based upon information given him by others, and was said in the belief that such statements were true, these facts should be considered by you in mitigation of damages, if you find that plaintiff is entitled to recover at all.' Said request was modified by the addition of the following words: 'You may do it, or you may not do it, just as you view the evidence,' it being respectfully submitted that it was the duty of the jury to consider the facts set forth in the said request in mitigation of damages, if they found such facts to be true."

This exception is overruled. The cases say "may." A rule of law ought never to require the impossible. The jury had limits of one cent and a hundred thousand dollars, and the Court had no right to control their estimate.

I think the judgment of this Court should be that the judgment appealed from be reversed and the cause remanded for a new trial.

THE CHIEF JUSTICE concurs.

MR. JUSTICE WOODS. I concur in the opinion of Mr. Justice Fraser, except that I think that the third and fourth exceptions should be overruled, along with the others.

The third exception is very long, and being fully set out in the opinion of Justice Fraser, need not be repeated. It is true the defendant denied in his answer the slanderous words atttributed to him in the complaint; but after stating his differences with the plaintiff, he uses this language: "All the matters and things above set forth are pleaded, not only in justification of such statements as defendant did make, but in mitigation of any damages to which plaintiff might otherwise appear entitled." It is conceded by appellant's counsel that if this could be construed into an allegation that there was justification for the statements attributed to the defendant in the complaint because they were true, then the portion of the charge set out in this exception would be correct. I agree with Mr. Justice Fraser that the better construction was that while the defendant denied using the words imputed to him, yet he was justified in using whatever language he did use. But the allegation was not clear, and it was manifestly understood by the counsel for plaintiff and the Circuit Court as an unqualified plea in justification. This is clear from plaintiff's request to charge, as well as the charge itself. Seeing that the Judge misunderstood the pleading and was charging on an issue not made in the answer, it was incumbent on defendant's counsel to call the Court's attention to its mistake. This was not done, and it is well settled that new trials will not be granted in such circumstances.

I cannot agree to the proposition contained in the fourth exception that the Court erred in charging that "grafting" is a crime in this State. It is true, that grafting is not mentioned under that name in the statutes of the State, but the term is always understood to mean the fraudulent acquisition of property by using official position, either public or private, for personal gain, at the expense of those to whom the official duty is owing. This is the statutory crime of breach of trust with fraudulent intent in its worst form.

I think all the exceptions should be overruled and the judgment affirmed.

The majority of the Court having concurred in overruling all the exceptions, the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES HYDRICK *and* WATTS *concur.*