13246

KIRVEN v. KIRVEN

(160 S. E., 432)

*Messrs. Mendel L. Smith* and *Samuel Want,* for appellant.

*Messrs. J. R. Coggeshall, L. M. Lawson* and *D. W. Robinson,* for respondent.

September 17, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

This was an action on the part of the plaintiff against the defendant commenced by the service of a summons and complaint on November 10, 1926. The case was tried before Hon. C. J. Ramage and a jury at the October term of the Court of Common Pleas for Darlington County, 1929.

A verdict was rendered by the jury in favor of the plaintiff for the sum of $5,000.00 actual damages and the further sum of $5,000.00 as punitive damages.

The complaint, omitting the formal allegations, was as follows:

"II. That the plaintiff is a married woman and that on or about the ...... day of April, 1926, the defendant, without any cause or provocation whatsoever, in the absence of plaintiff's husband and while she was alone with the defendant in her home, willfully, wantonly, and maliciously assaulted and rudely and unlawfully laid hands upon the plaintiff, and ruthlessly, over her indignant protest and against her consent, took indecent liberties with her person and violently drew her to him, kissed her and indecently proposed to have sexual intercourse with her before she could get away from him, all of which the plaintiff spurned and peremptorily ordered him out of her presence.

"III. That on one or more occasions thereafter, and more particularly on May ......, 1926, knowing that the plaintiff had been grievously shocked, unnerved, and offended by his unlawful and indecent acts and conduct, as hereinbefore set forth, the defendant, without any excuse or cause whatsoever, in the absence of plaintiff's husband, entered her home while she was alone, and in furtherance of his purpose, as hereinbefore set forth, again willfully, wantonly and maliciously suddenly, without warning, assaulted and rudely laid hands upon her and ruthlessly over her protest, against her consent and before she could tear herself away from him, again took indecent liberties with her person by kissing her and taking her into his arms and again made indecent and improper proposals to her.

"IV. That the defendant, by reason of his said willful, wanton, and malicious assaults upon the plaintiff and his other unlawful and indecent acts, as aforesaid, greatly humiliated, shocked, frightened, and unnerved the plaintiff, thereby causing her to have a miscarriage, and otherwise in-

jured her health, to her damage in the sum of One Hundred
Thousand Dollars ($100,000.00)."

The answer of the defendant admitted the residence of the
parties, admitted that the plaintiff was a married woman, but
denied all of the remaining allegations in the complaint con-
tained.

The defendant, after the verdict was rendered and in due
time, made a motion for a new trial, which was heard by the
presiding Judge and refused. The defendant appeals to this
Court on thirteen exceptions.

Exceptions 1 to 5 relate to the introduction of certain
testimony. The first exception refers to a hypothetical
question propounded to the witness Edwards. In the
transcript of record no such question and answer appears,
and neither in the brief of appellant nor the oral argument
was mention made of the eception, and the same, under the
rules of this Court, is deemed to have been abandoned.

Exception 2 refers to the refusal of the Circuit Judge
to permit an answer to a question which was pro-
pounded to the witness J. N. Kirven as to a conversa-
tion between the said J. N. Kirven and the defendant. The
question was asked on the theory that J. N. Kirven was the
agent of the plaintiff in certain matters in connection with
the case. There is no evidence of such agency disclosed by
the record, and, if there was no agency, then the conversa-
tion between these parties could have been in no wise com-
petent. A careful reading of the record, however, discloses
that the Circuit Judge in his discretion allowed counsel for
the defendant to go as fully into these matters as was reason-
able and proper. This exception is, therefore, overruled.

Exception 3 refers to alleged error on the trial Court
in allowing the plaintiff's counsel to inquire into the
sources and means of the acquisition of certain cot-
ton. The defendant had made a full and complete statement
of his alleged wealth freely and voluntarily on direct ex-
amination, including certain cotton which he owned, and it

was a proper subject, on cross-examination, of inquiry as to correctness of his statement on direct examination. The scope of cross-examination, as has so often been stated by this Court, has to be left largely in the discretion of the trial Judge, and, except in cases where he (the trial Judge), abuses this discretion, or where the introduction of the testimony violates some well-established rule of evidence, his ruling will not be disturbed by this Court.

Exception 4 refers to the cross-examination of the defendant, Kirven, as to a certain $45,000.00 mortgage which had been satisfied. This was a legitimate subject of cross-examination under the scope of the original examination of the defendant by his counsel.

Exception 5 was not referred to in the appellant's brief nor in the oral argument before the Court, and therefore is deemed to have been abandoned.

Exception 6 alleges error on the part of the Circuit Judge in charging the jury that the plaintiff was required to prove her case by the preponderance or greater weight of the evidence. The rule seems to have been laid down in this State that, in a case of a person defending an action for slander or libel where the slander or libel charges a crime, a plea of justification must be supported by evidence convincing the jury beyond a reasonable doubt. This, however, seems to be the only possible exception to the general civil rule that a plaintiff is required to prove the allegations of the complaint by the preponderance of the evidence, or the defendant his defense by a like degree of proof. *Burckhalter v. Coward,* 16 S. C., 435; *Gill v. Ruggles,* 95 S. C., 90, 78 S. E., 536.

Under the case of *Murray v. Aiken Mining Company,* 37 S. C., 468, 16 S. E., 143, the rule was laid down that, in order to hold a surety liable on his bond for breach of trust on the part of the principal with fraudulent intent, the person alleged to have been guilty of the crime must be shown to be guilty by the same degree of proof that would be re-

quired to convict him under an indictment of this offense. This doctrine, however, was overruled by implication in the case of *Salley v. Globe Indemnity Company,* 133 S. C., 342, 131 S. E., 616, 43 A. L. R., 971, and expressly overruled in the case of *Peurifoy v. Loyal,* 154 S. C., 298, 151 S. E., 579. Under the authority of these cases, exception 6 is overruled.

Exception 7 alleges error in the trial Judge charging the jury that, where a party by his conduct places a woman in fear of an attack upon her chastity, this is an assault. If the definition in question was not sufficiently clear, and if the appellant desired any additional instruction or limitation upon the charge of the trial Judge, it was his duty to request it. This particular part of the charge, however, taken in connection with the entire charge, was not error, for the reason that the Circuit Judge fully charged the jury on all of the issues involved in the case.

Exception 8 alleges error on the part of the Circuit Judge in charging the jury that, in awarding punitive damages and in arriving at the proper amount to give, the jury might take into consideration the wealth of the defendant as shown by the evidence, and award such sum proportionately to the wealth of the defendant as in their judgment would serve as a punishment for the alleged willful wrong. The alleged error being in the use of the word "proportionately," for the reason that it led the jury to imply that it would be proper to proportion out or apportion the wealth of the defendant, if willfulness was found, rather than to base the same upon a consideration of the defendant's wealth. The object of punitive damages is to punish a wrongdoer on the civil side of the Court, and evidence of the wealth of the defendant is allowed on the theory that knowledge of the financial ability of the wrongdoer to pay is essential, so that the jury may not punish excessively on the one hand nor inadequately on the other. The word "proportionately," was used by the trial Judge to impress upon

the jury that the amount of punitive damages, must be awarded, taking into consideration the wealth of the defendant. It would be a strained construction to hold that the instruction of the Circuit Judge to the jury to award punitive damages in proportion to the wealth of the defendant was in effect the requiring of the dividing up of the wealth of the defendant. If the defendant found the charge ambiguous in this form, he should have asked the Judge to make it clearer to the jury by the explanation of the word "proportionate." The trial Judge had a perfect right to disapprove of the finding of the jury on the question of punitive damages and to grant a new trial *nisi* on this ground if he saw fit. *Bowers v. Carolina Public Service Co.*, 148 S. C., 161, 145 S. E., 790.

Exception 9 complains of error in the Circuit Judge charging the jury that a strong man would not have the right to impose on a weaker man, and cited as instances the case of a Sullivan or a Dempsey imposing on weaker persons. The appellant contends that these comments were wholly immaterial to the issues suggested, and that the defendant tried to overcome the plaintiff by superior physical force. The trial Judge in defining assault and battery, simply stated the different characters of assault and different aggravating circumstances surrounding assaults. This was merely a general definition of assault to the jury, and was proper.

Exception 10 raises a most serious question. The Circuit Judge charged the jury in effect that it was against the law in this State for a man to caress a woman. This instruction, taken apart from the remainder of the charge, would constitute error. The entire case was tried on the theory that the defendant had not caressed the plaintiff as alleged. He denied any familiar conduct as alleged in the complaint and as was testified to by the plaintiff. He did not claim any consent either expressed or implied. In other parts of the charge the Judge had already correctly defined

an assault as any improper familiarity with a female against her consent. Taking the issues raised and the charge as a whole, there was no error in this portion of the charge.

The appellant complains in Exception 11 that the plaintiff must sustain the charge of assault set forth in the complaint by evidence convincing the jury beyond a reasonable doubt that the defendant committed the acts charged. Under the decisions of *Peurifoy v. Loyal* and *Salley v. Globe Indemnity Co.,* both *supra,* this would have been clearly error.

Exception 12 is a mere reiteration of the same statement in different language, and is controlled by the two cases cited above.

Exception 13 alleges error on the part of the Circuit Judge in refusing to charge the jury that, "in the determination of the quantum of the liability of the defendant, if the jury should find that there was an unreasonable delay in the institution of the action, they may consider such fact and give to it the weight, if any, to which they deem it entitled." This request was handed to the Judge during the charge, but no question was made as to the timely submission of the request. The Judge had already charged the jury in the second request of the defendant as to the effect of the failure of the female of legal age to protest or express resentment as to improper familiarity. We do not see how the defendant could ask for more than this. The mere failure to promptly bring an action is not of itself evidence of any probative force for or against the party bringing an action on the civil side of the Court. It is a fact in the case which the jury may or may not take into consideration, as the jury sees fit. This fact was fully developed in the trial of the case, and it was a fact which was no more subject to comment by the Judge than any other fact in the case.

The case was tried by a jury of the vicinity, as required by law, under a charge as favorable to the appellant as he was entitled to under the law. The jury found against him,

and there is no error of law in the trial of the case. Under our system of jurisprudence, the verdict must therefore stand.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. CHIEF JUSTICE BLEASE (dissenting) : I agree with Mr. Justice Cothran that Exception 10 should be sustained. I agree with Mr. Acting Associate Justice Graydon in the disposition of the other exceptions.

MR. JUSTICE COTHRAN (dissenting) : I think that there are three very serious errors in this case that require a reversal :

(1) Exception 2, excluding testimony as to the relations between the defendant and his brother, tending to show that the action was instigated and was being upheld by the brother.

(2) Exception 7, in charging that, "where a party by his conduct places a woman in fear of an attack upon her chastity this is an assault." This is contrary to the accepted definition of an assault : "An offer or attempt to do violence to the person of another, in a rude, angry or resentful manner." *State v. Davis,* 1 Hill, 46. The charge makes the apprehension of the other party the sole test.

(3) Exception 10, in charging without qualification, that it is unlawful to caress a woman.