14317

POWERS *ET AL.* v. FIDELITY & DEPOSIT CO. OF MARYLAND *ET AL.*

(186 S. E., 523)

502

August, 1935.

503

506

508

510

514

*Messrs. Benet, Shand & McGowan* and *F. Ehrlich Thomson,* for appellant, Standard Oil Co. of N. J., and *Herbert & Dial,* for appellants, Standard Contracting Co. and its Assignees,

*Messrs. Wright & Burroughs,* for appellants, Chapin Co., Myrtle Beach Farms Co. and Ramsey & Bryan, ■■■

*Messrs. Hall, Vassy & Hall,* for other appellants.

*Messrs. J. W. LeGrand, G. E. Dudley, Tatum & Jennings, Leon W. Harris, Kurtz P. Smith, Harold Major, A. H. Dagnall, John W. Crews* and *C. G. Wyche,* for respondents, ■■■

June 22, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by J. L. Powers, in behalf of himself and all others similarly situated, who come in and bear their share of the expenses of this action, as plaintiffs, against the defendants, Fidelity & Deposit Company of Maryland and the following interveners who are appellants: Standard Oil Company of New Jersey, Standard Contracting Company, G. C. Phillips Tractor Company, Galion Iron Works & Manufacturing Company, Chapin Company, Myrtle Beach Farms Company, Ramsey & Bryan and J. V. Phillips, individually and as administrator, was commenced in the Court of Common Pleas for Marlboro County on or about the 20th day of June, 1934. Thereafter, June 30, 1934, another action entitled Anderson County, plaintiff, against

Fidelity & Deposit Company of Maryland, defendant, was commenced in the County of Anderson, and by order of his Honor, Judge E. C. Dennis, the two actions were consolidated. It appears from the record before the Court that the first-named action, that is, the action in Marlboro County, was in the form of a creditor's bill, and the cause of the action involved the collection of the proceeds of a qualification bond filed by the National Surety Company with the Insurance Commissioner of the State of South Carolina under the statutes thus providing, the said National Surety Company having become insolvent and unable to meet its obligations. In this connection it may be further stated that it also appears from the record that the action commenced in Anderson County was instituted for the same purpose as the action instituted in Marlboro County, but instituted in behalf of Anderson County alone. Judge Dennis, by order, referred the matter to a Special Referee for the purpose of taking the testimony, trying all issues of law and fact, and reporting his conclusions of law and fact to the Court.

The Special Referee, Honorable R. C. Carwile, pursuant to the said order of reference, took the testimony presented in the case and reported the same to the Court, together with his findings of fact and conclusions of law, in which report all questions are fully considered. The case thereafter went before Judge Dennis on appeal from the Master's report. Judge Dennis confirmed the report, except in certain minor particulars. In this connection we call attention to the fact that in his consideration of the exceptions to the Referee's report, his Honor, Judge Dennis, filed two orders, both bearing date August 22, 1935, and in the second order issued by his Honor, Judge Dennis, certain exceptions from the Master's report were held open for the purpose of being taken up by the claimants mentioned in said order without prejudice at such time as they might be advised. We are satisfied with the finding and holding of the lower Court.

It is, therefore, the judgment of this Court that the exceptions be and are hereby overruled, and the judgment of the lower Court affirmed.

Note: The report of the Referee, and the two orders of his Honor, Judge Dennis, bearing date August 22, 1935, will be incorporated in the report of the case.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.