530 S.E.2d 635

**SOUTH CAROLINA DEPARTMENT OF REVENUE, Appellant,**

v.

**COLLINS ENTERTAINMENT CORP., Respondent.**

**No. 25110.**

Supreme Court of South Carolina.

Heard Dec. 2, 1999.

Decided April 17, 2000.

Carol I. McMahan, Nicholas P. Sipe and Harry T. Cooper, Jr., all of South Carolina Department of Revenue, of Columbia, for appellant.

James H. Harrison, of Columbia, for respondent.

PER CURIAM:

This is a statutory interpretation case involving liability for violations of video poker regulations. Respondent held licenses on fifteen machines which were located in three adjoining rooms. The machines were operating in violation of the "one employee/one location" rule. As a result, the licenses were revoked, and the individual operating the locations fined. The Department of Revenue (Department) appeals the refusal of the Administrative Law Judge (ALJ) and the circuit court to impose fines on respondent, as the machines licensed owner, for the one employee/one location violations. We affirm.

Section 12–21–2804(A) provides:

No person shall apply for, receive, maintain or permit to be used, and the commission shall not allow to be maintained, permits or licenses for the operation of ... more than five machines authorized under Section 12–21–2720(A)(3) at any single place or premises.

Pursuant to this statute, Department enacted a regulation which, among other things, requires each place or premise to have a separate employee present during business hours. 27 S.C.Code Ann. Regs. 117–190. Upon a violation of this regulation, the machine licenses are revoked and fines may be imposed. S.C.Code Ann. § 12–21–2804(F) (Supp.1998) (emphasis added). Here respondents' licenses were revoked and the operator fined; the only challenge is to Department's attempt to impose additional fines on respondent.

▆▆▆▆ The ALJ construed the "maintain" and "permit to be used" provisions of § 12–21–2804(A) to apply to the use of the licensed machines after the licensee had "applied for [and] received" the licenses, and found that where the violation occurred in the use of the machines and not their licensure, only the persons(s) directly involved in the business operation is subject to a fine. This temporal distinction derives from a logical, reasonable, common sense reading of the statute. *See, e.g., Busby v. Moore*, 330 S.C. 201, 498 S.E.2d 883 (1998)("A statute must receive a practical and reasonable interpretation consonant with the design of the legislature.") "The principle is well established that penal statutes are strictly construed, and one who seeks to recover a penalty for the failure on the part of the defendant to discharge some duty imposed by law, must bring his case clearly within the language and meaning of the statute awarding the penalty. Such laws are to be expounded strictly against the offender and liberally in his favor.... And it is immaterial, for the purpose of the application of the rule of strict construction whether the proceedings for the enforcement of the penal law, be criminal or civil...." *State ex rel. Moody v. Stem*, 213 S.C. 465, 50 S.E.2d 175 (1948). The ALJ properly construed the statute, and the circuit court correctly affirmed that order.

The ALJ held the Department did not prove respondent violated the statute at the time of the licensure, nor that it was directly involved in the maintenance or operation of the business where the violations occurred. The circuit court affirmed this ruling, holding, "The Department has failed to establish that Respondent applied for, received, maintained or permitted to be used permits [in violation of the one employee/one

premise rule]." We agree,[1] and accordingly the order under appeal is

**AFFIRMED.**

---

1. We have reviewed the circuit court order and find it properly applied the APA standard of review. *Beaufort Cty. Bd. of Educ. v. Lighthouse Charter School C'tee*, 335 S.C. 230, 516 S.E.2d 655 (1999).