556 S.E.2d 726

**Robert RORRER, Respondent,**

v.

**P.J. CLUB, INC., d/b/a Jamaica Joe's, Appellant.**

**No. 3409.**

Court of Appeals of South Carolina.

Submitted Sept. 4, 2001.
Decided Nov. 19, 2001.

Clifford L. Welsh, of Wheless & McInnis, of North Myrtle Beach, for appellant.

L. Sidney Connor, IV, of Kelaher, Connell & Connor, of Surfside Beach, for respondent.

HOWARD, J.:

Robert Rorrer brought this action pursuant to South Carolina Code Annotated Section 32–1–20 [1] to recover the excessive gambling losses sustained by his wife while playing video poker at a nightclub called Jamaica Joe's. A jury awarded Rorrer $21,320, which the trial court trebled in accordance with the statute.[2] On appeal, Jamaica Joe's raises the following two arguments: (1) the trial court erred in failing to grant its motions for a directed verdict and a judgment notwithstanding the verdict (JNOV); and (2) damages under section 32–1–20 are punitive in nature, and the trial court erred in failing to apply a clear and convincing burden of proof. We affirm.

---

1. S.C.Code Ann. § 32–1–20 (1991) (providing that any person may recover the gambling losses of another only after the three month period during which the gambler himself may seek recovery).

2. Section 32–1–20 allows recovery of the gambling losses and treble the value thereof.

## FACTS

Jamaica Joe's operated video poker machines in Myrtle Beach, South Carolina in 1996 and 1997. Rorrer's wife played video poker at Jamaica Joe's three or four nights per week from December 1996 through March 1997. At trial, Rorrer introduced credit card receipts showing dates and amounts charged by his wife at Jamaica Joe's and bank statements showing dates and amounts withdrawn. According to Rorrer's wife, her net losses at Jamaica Joe's ranged from a low at one sitting of $200 to a high of $8,600. Rorrer contends the combined net loss was in excess of $100,000.

Robbie Singleton, one of the owners of Jamaica Joe's, corroborated some aspects of Rorrer's claim. Singleton confirmed Rorrer's wife lost money while gambling at Jamaica Joe's on a regular basis from December 1996 until March 1997 and that she used her American Express card to get cash for gambling.

Jamaica Joe's moved for a directed verdict and, following the verdict, for a JNOV, arguing Rorrer had failed to present evidence of his wife's net losses. The trial court denied both motions.

At the conclusion of the evidence, Jamaica Joe's asked the trial court to charge the jury that Rorrer had the burden of proving his wife's gambling losses by clear and convincing evidence, arguing damages recoverable under section 32–1–20 are punitive in nature. The trial court declined to do so, charging the preponderance of the evidence standard. The jury returned a verdict for Rorrer, making specific findings as to the dates and amounts of each loss. The award totaled $21,320, which the trial court trebled. Jamaica Joe's appeals.

## DISCUSSION

### I.  Construction of Statute

Rorrer filed this action pursuant to section 32–1–20 which is penal in nature. *See Trumbo v. Finley,* 18 S.C. 305, 1882 WL 5667 (1882). Recently, while construing section 32–1–20, our supreme court reiterated the following pertinent rules of statutory construction:

The principle is well established that penal statutes are strictly construed, and one who seeks to recover a penalty for the failure on the part of the defendant to discharge some duty imposed by law, must bring his case clearly within the language and meaning of the statute awarding the penalty. Such laws are to be expounded strictly against the offender and liberally in his favor. And it is immaterial, for the purpose of the application of the rule of strict construction whether the proceedings for the enforcement of the penal law, be criminal or civil.

*S.C. Dep't of Revenue v. Collins Entm't Corp.,* 340 S.C. 77, 79, 530 S.E.2d 635, 636 (2000) (citations omitted).

### a. Burden of Proof

Jamaica Joe's contends section 32–1–20 should be strictly construed and Rorrer had the burden of bringing his claim clearly within the language and meaning of the statute. Specifically, Jamaica Joe's contends throughout its argument the trial court should have imposed a heightened burden of proof upon Rorrer due to the penal nature of the statute. We disagree.

■ The statutory scheme establishing a private right to recover excessive gambling losses is found in sections 32–1–10 [3] and 32–1–20. While our supreme court has determined that section 32–1–10 is remedial in nature, it has reaffirmed that section 32–1–20 is penal in nature and must be strictly construed. *See Francis v. Mauldin,* 215 S.C. 374, 381, 55 S.E.2d 337, 340 (1949). In first construing section 32–1–20, our supreme court noted that "[t]he object of the statute was manifestly to punish excessive gaming." *Trumbo,* 18 S.C. at 310. Consequently, the statutory scheme is part remedial and part penal. *See Francis,* 215 S.C. at 381, 55 S.E.2d at 340; *see also Berkebile v. Outen,* 311 S.C. 50, 55, 426 S.E.2d 760, 763 (1993) (stating the legislature contemplated a policy which prevents a gambler from allowing his vice to overcome his ability to pay).

■ However, contrary to Jamaica Joe's argument, rules of statutory construction do not increase the burden of proof.

---

**3.** S.C. Code Ann. § 32–1–10 (1991) (allowing gambler who loses fifty dollars at any sitting to recover within three months).

The rule that penal statutes, as contradistinguished from remedial statutes, must be construed strictly, is but a means of arriving at the intention. When a law imposes a punishment which acts upon the offender alone, and not as a reparation to the party injured, and when it is entirely within the discretion of the lawgiver, it will not be presumed that he intended it should be extended further than is expressed; and humanity would require that it should be so limited in the construction as to be certain not to exceed the intention.

*Kaufman v. Carter,* 67 S.C. 312, 320, 45 S.E. 211, 214–15 (1903) (quoting *State v. Stephenson,* 18 S.C.L. (2 Bail.) 334, 335, 1831 WL 1550 (1831)); *see State v. Lewis,* 141 S.C. 207, 139 S.E. 386 (1927).

Furthermore, our supreme court has declined to require an increased burden of proof merely because a statute is penal in nature. *See Ford v. Atl. Coast Line R.R. Co.,* 169 S.C. 41, 168 S.E. 143 (1932).[4]

### b. Jury Charge

Jamaica Joe's asserts that the trial court erred when it instructed the jury Rorrer had the burden of proving each gambling loss by a preponderance of the evidence because damages recoverable pursuant to section 32–1–20 are punitive in nature and the correct burden of proof is by clear and convincing evidence. We disagree.

Section 15–33–135[5] states that in a civil action where punitive damages are claimed, the burden of proof is by clear and convincing evidence. Jamaica Joe's contends this statute is applicable. In support of its proposition, Jamaica Joe's cites

---

**4.** Imposing a higher degree of proof in a civil action based upon a penal statute is not a novel concept. *See Gill v. Ruggles,* 95 S.C. 90, 78 S.E. 536 (1913); *Burckhalter v. Coward,* 16 S.C. 435 (1882); *Cf. Ford,* 169 S.C. at 88–89, 168 S.E. at 160 (stating that the "only 'possible exception to the general civil rule that a plaintiff is required to prove the allegations of the complaint by the preponderance of the evidence, or the defendant his defense by a like degree of proof' is in support of a plea of justification where the action is one based on slander or libel in which a crime is therein charged against the plaintiff") (quoting *Kirven v. Kirven,* 162 S.C. 162, 166, 160 S.E. 432, 434 (1931)).

**5.** S.C.Code Ann. § 15–33–135 (Supp.2000).

*Adamson v. Marianne Fabrics, Inc.*, 301 S.C. 204, 391 S.E.2d 249 (1990). In *Adamson*, the verdict of the trial court included both punitive damages and statutorily imposed multiple damages. On appeal, our supreme court reversed the award of punitive damages, concluding that to allow both would impermissibly allow a double recovery. *Adamson*, 301 S.C. at 208, 391 S.E.2d at 251. Jamaica Joe's incorrectly construes this ruling to mean multiple damages are punitive damages.

We look first to the wording of sections 32–1–10 and 32–1–20. The following rule of statutory construction is firmly established in South Carolina:

The primary rule of statutory construction requires that legislative intent prevail if it can reasonably be discovered in language used construed in light of intended purpose. The legislature's intent should be ascertained primarily from the plain language of the statute. If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no need to employ rules of statutory interpretation, and the court has no right to look for or impose another meaning.

*Richland County Sch. Dist. Two v. S.C. Dep't of Educ.*, 335 S.C. 491, 496, 517 S.E.2d 444, 447 (Ct.App.1999) (citations omitted).

Furthermore, even though penal statutes are to be strictly construed, "the canons of construction certainly allow the court to consider the statute as a whole and to interpret its words in the light of the context." *State v. Standard Oil Co. of N.J.*, 195 S.C. 267, 288, 10 S.E.2d 778, 788 (1940). We should consider not merely the language of the particular clause being construed, but the word and its meaning in conjunction with the purpose of the whole statute and the policy of the law. *See S.C. Coastal Council v. S.C. State Ethics Comm'n*, 306 S.C. 41, 44, 410 S.E.2d 245, 247 (1991).

It is evident from the plain meaning of the words used in sections 32–1–10 and 32–1–20 that the measure of damages is the actual loss sustained by the gambler at one sitting. "Courts begin with the assumption that compensatory damages compensate for those pecuniary losses which resulted from the defendant's wrong." 22 Am.Jur.2d *Damages* § 28 (1988); *see Bowers v. Charleston & W. Carolina Ry. Co.*, 210 S.C. 367, 378, 42 S.E.2d 705, 709 (1947) (Oxner, J., concurring)

("Actual or compensatory damages are damages in satisfaction of, or in recompense for, loss or injury sustained."); *Johnson v. Atl. Coast Line R.R. Co.*, 142 S.C. 125, 138, 140 S.E. 443, 447 (1927) (stating that compensatory damages relate mainly to the injured party).

▮▮▮▮▮▮ Furthermore, the treble damage award under section 32–1–20 is not denominated by the legislature as punitive damages, and the statute does not delineate a greater burden of proof. The legislature is presumed to have fully understood the meaning of the words it used in a statute, and unless this meaning is vague or indefinite, we presume that it intended to use them in their ordinary and common meaning or in their well defined legal sense. *See Powers v. Fid. & Deposit Co.*, 180 S.C. 501, 186 S.E. 523 (1936).[6] As our supreme court recently stated in construing this same statute, "[a]lthough not a criminal statute, it would be equally improvident to judicially engraft extra requirements to legislation which is clear on its face." *Berkebile*, 311 S.C. at 55–56, 426 S.E.2d at 763.

Even though the damages allowed under section 32–1–20 may not be compensatory because recovery is not allocated to the person who actually suffered the loss, the measure of such damages is the actual pecuniary loss suffered from the defendant's wrong. As our courts have recognized, generally it is the spouse and family of the gambler who are thus protected. *See Id.* at 55, 426 S.E.2d at 763 ("The legislature adopted a policy to protect a citizen and his family from the gambler's uncontrollable impulses.").

▮▮▮▮ Quite apart from the statutory construction analysis, a firmly established rule of law in South Carolina is that there can be no recovery of punitive damages without a finding of actual damages. *See Gamble v. Stevenson*, 305 S.C. 104, 406 S.E.2d 350 (1991). Section 32–1–20 mandates the automatic addition of treble damages, without mandating a higher de-

---

**6.** *Cf.* S.C.Code Ann. § 56–15–110 (1991) (providing for treble damages, and, if wilful and malicious conduct is proved, the allowance of punitive damages); *see Toyota of Florence v. Lynch,* 314 S.C. 257, 442 S.E.2d 611 (1994) (ruling there was no prohibition against recovery of multiple damages and punitive damages where the legislature intended both to be recoverable). Indeed, the instances in which our legislature has specifically allowed or disallowed punitive damages by name are too numerous to mention.

gree of culpability through proof of wilful or intentional conduct. Therefore, requiring clear and convincing proof would necessitate that the entire award be considered punitive damages. If we were to agree with this argument, there would be no actual damage award, and the verdict could not stand under the firmly established rule stated above.

For all of the above reasons, we conclude section 32–1–20 provides a measure of actual damages equal to the actual loss sustained by the gambler at one sitting. The burden of proof is by the preponderance of the evidence, and the trial court properly charged the jury.

## II. Directed Verdict/JNOV

Jamaica Joe's contends the trial court erred in failing to grant its motions for a directed verdict and a JNOV because Rorrer failed to prove damages. We disagree.

We have concluded that the appropriate burden of proof is by the preponderance of the evidence. Furthermore, the appropriate standard of review by this Court is whether there is any evidence to support the verdict. *Collins v. Doe*, 343 S.C. 119, 125, 539 S.E.2d 62, 64 (Ct.App.2001) (finding that when considering a directed verdict motion, neither this Court nor the trial court has authority to decide credibility issues or to resolve conflicts in the testimony and evidence); *see also Madden v. Cox*, 284 S.C. 574, 328 S.E.2d 108 (Ct.App.1985) (concluding that where an appeal is taken from a jury verdict on the ground of insufficiency of the evidence, the reviewing court must sustain the verdict if there is any evidence to support the verdict).

In ruling on motions for a directed verdict and a JNOV, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions and to deny the motions where either the evidence yields more than one inference or its inference is in doubt. *Creech v. S.C. Wildlife & Marine Res. Dep't*, 328 S.C. 24, 29, 491 S.E.2d 571, 573 (1997). The trial court can only be reversed by this Court when there is no evidence to support the ruling below. *Id.*

Jamaica Joe's contends the testimony of Rorrer's wife regarding her losses was insufficient because there was evidence she also won money on many occasions and because

Rorrer was unable to demonstrate that his wife's losses directly resulted from gambling at Jamaica Joe's. However, Rorrer's wife testified with specificity as to each loss she sustained at Jamaica Joe's, referring to the credit card and bank records as corroboration. Each of these losses was for amounts in excess of fifty dollars, and, according to her testimony, each was a net loss at that particular sitting. These losses exceeded the amount awarded by the jury. Furthermore, while she acknowledged that she had gambled at two other establishments, she claimed she did not lose any money on those rare occasions.

Viewing the evidence in a light most favorable to Rorrer, we conclude the testimony was sufficient to raise a factual issue which the trial court properly submitted to the jury.

## CONCLUSION

The trial court did not err in refusing to grant motions for a directed verdict or a JNOV, and it properly instructed the jury that Rorrer had the burden of proving his damages by the preponderance of the evidence. Therefore, the decision of the trial court is

**AFFIRMED.**[7]

HEARN, C.J. and CURETON, J., concur.

---

7. Because oral argument would not aid this Court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, and 220(b)(2), SCACR.