8816

SMITH v. BROWN.

GRICE v. BROWN.

(81 S. E. 633.)

Appeal and Error. Libel and Slander. Charge. Evidence.

1. In absence of a showing by the record that defendant, in an action for slander, requested a charge that plaintiff could only recover actual damages for constructive malice, but may recover punitive damages for actual malice, error in not giving such a charge cannot be considered on appeal.

2. Damages may be awarded in a slander action only for words spoken at the time alleged in the complaint.

3. Spoken words charging a crime are actionable.

4. An instruction that, in an action for slander, statements made by defendant, derogatory to plaintiff's character, at other times than those alleged in the complaint may be shown on the question of malice, and "shows express malice," is objectionable, as being on the facts.

5. Statements by defendant derogatory to plaintiff's character, made at other times than those alleged in the complaint, are competent evidence of express malice.

6. Error in an instruction, as being on the facts, that in slander statements by defendant derogatory to plaintiff's character, made at other times than those alleged, are competent on the question of malice, "and shows express malice," held; an inadvert statement which could not have misled the jury.

Before Rice, J., Pickens, September, 1913. Affirmed.

Actions by W. M. Smith and H. A. Grice against James A. Brown. From a judgment for plaintiff in each case, defendant appeals.

*Messrs. Carey & Carey,* for appellants, cite: *Malice to be alleged:* 18 A. & E. Enc. of L. (2d ed.) 998, 1093; 25 Cyc. 537, 538; Ogden 291; Newell 842; *Finch* v. *Finch,* 21 S. C. 342; 3 Hill L. 175; 95 S. C. 90; 10 Rich. L. 414, 89 S. C. 530.

*Messrs. Morgan & Mauldin, J. Robert Martin* and *Jno. C. Henry,* for respondents. *Messrs. Martin* and *Henry* cite:

16 S. C. 435; 1 N. & McC. 217; 2 Rich. L. 584, 585; 95 S. C. 93; 45 Am. St. Rep. 45, 583; Cooley Torts 249; 86 Am. St. Rep. 414; 52 L. R. A. 91; 66 S. C. 138; Code Civ. Proc. 199, 215; 1 McM. 468; 25 Cyc. 484; 71 Am. Dec. 271, 274; 8 Enc. Ev. 224, 288 and 259; 41 Am. Dec. 212; 30 Am. Rep. 441; 2 Rich. L. 585; 95 S. C. 93, 94; 2 McC. 288; 73 S. C. 236; 21 S. C. 346; 22 S. C. 378.

April 22, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These two cases were heard in this Court together. The actions were for slander. The appellant is alleged to have said in each case: "That Henry Grice and Mack Smith stole my turkey and eat it, and I have the proof." These words are alleged to have been spoken in the hearing of others on the 25th of April, 1912, and the defendant is alleged to have spoken similar words to other people on other occasions. The complaint claims that the charge was untrue, and that they were spoken maliciously. The defense was a general denial. The verdict was for the plaintiffs, and defendant appealed. There were four exceptions, but appellant argues but two questions.

1. Appellant claims that malice may be either constructive or actual; that for constructive malice the plaintiff can recover only actual damages, but for actual malice, plaintiff may recover punitive damages, and that it was error for his Honer, the Circuit Judge, not to charge the distinction. The record fails to show that the question was raised on Circuit and cannot be considered in this Court.

In the Smith case, his Honor asked: "Is there anything you want?" The answer was: "Nothing else, your Honor."

In the Grice case, his Honor's attention was directed to the fact that damages could only be awarded for the words

spoken on April 25, 1912, and he promptly charged it, as was said in *Finch* v. *Finch,* 21 S. C. 345, 346.

There was no request made by the defendant as to this distinction. If the defendant's answer or plea was subject to the application of such a principle, he should have called the attention of the Judge to it by a direct request. In the absence of such a request, the Circuit Judge laid down the general proposition, in which, as we have said, there was no error, and that is the only matter before us.

It is unquestionably true, then, that, where the words charge a crime, the plaintiff may maintain his action.

2. The second error assigned in argument is that his Honor charged on the facts in charging plaintiff's seventh request to charge, which is as follows: "(7) In an action for slander, statements made by defendant derogatory to plaintiff's character, at other times than those alleged in the complaint, is competent on the question of malice, and shows express malice."

In the Smith case, which seems from the record to have been tried immediately before the Grice case, his Honor said: "Well, I charge you that, Mr. Foreman, and gentlemen, that it is competent evidence of express malice."

As thus stated, the charge is fully sustained by *Morgan* v. *Livingston,* 2 Rich. 585, quoted with approval in the recent case of *Gill* v. *Ruggles,* 95 S. C. 93, 78 S. E. 536. If his Honor had said "to show" instead of "shows," it too would have been free from objection.

We cannot, however, sustain the objection here, because his Honor showed that he understood the law in the first case, and his failure to draw the distinction in the second case was mere inadvertence. We feel sure, that, under the latitude given by his Honor, appellant would have called attention to the slip of the tongue

if he had observed it. If he did not, then surely it could not have misled the jury.

The judgments appealed from are affirmed.