2390

John A. KINARD, Jr., Respondent v. FLEET REAL ESTATE FUNDING CORP. and NationsBank of South Carolina, Appellants.

(461 S.E. (2d) 833)

Court of Appeals

*John B. Hagerty* and *Keith Emge* of *Nelson, Mullins, Riley & Scarborough,* Charleston, *for appellants.*

*Capers G. Barr, IV* of *Barr, Barr & McIntosh,* Charleston; and *H. Wayne Unger, Jr.,* Walterboro, *for respondent.*

Submitted May, 2, 1995.

Decided Aug 21, 1995.

HEARN, Judge:

John A. Kinard, Jr., brought this action to collect the statutory penalty imposed by S.C. Code Ann. Section 29-3-320

(1991) from the appellants, Fleet Real Estate Funding Corp. (Fleet) and NationsBank of South Carolina (NationsBank), based upon their failure to comply with the statutory requirements to enter satisfaction of a mortgage on property located in Colleton County. The action was referred for final judgment with direct appeal to the Supreme Court. The special referee entered judgment for the full statutory penalty of $72,500 against Fleet and NationsBank. Fleet and NationsBank appeal. We affirm.

On October 18, 1979, Kinard executed a loan and mortgage to Bankers Trust of South Carolina. Through a series of mergers and acquisitions, the loan was acquired by NationsBank. Fleet serviced the loan for NationsBank.

In 1992, Kinard retained attorney H. Wayne Unger, Jr., to assist him in refinancing the loan. Unger contacted Fleet on Kinard's behalf and obtained a payoff statement which stated *inter alia* "Fleet Real Estate Funding is not responsible for collecting release fees and/or recording documents, unless otherwise indicated." Unger testified he and Fleet agreed the satisfaction would be returned to Unger's office, and Unger would record it. The parties stipulated the loan secured by the mortgage was paid in full on June 18, 1992. Unger collected the $5.00 fee for recording the satisfied mortgage from Kinard. Unger testified he did not forward the $5.00 recording fee to Fleet because they had agreed he would record the satisfaction.

Unger testified he contacted Fleet in August and September, 1992, to obtain the mortgage satisfaction. By letter dated September 28, 1992, more than 90 days after the payoff, Fleet delivered a purported mortgage satisfaction. Due to numerous errors on its face, the satisfaction was not recordable. On October 29, 1992, Unger wrote Fleet a letter informing it the satisfaction was not in recordable form and demanded Fleet pay Kinard a penalty pursuant to S.C. Code Ann. Section 29-3-320 (1976). On November 9, 1992, Fleet sent a second purported satisfaction which also was not in recordable form. Unger attempted to record this satisfaction, but the clerk of court refused to accept the document for recording. Kinard initiated this action on April 8, 1993. On January 19, 1994, Fleet sent a third purported satisfaction which also was not recordable. At the time of trial on March 12, 1994, the mort-

gage still had not been satisfied of record. Unger testified the $5.00 recording fee remained in his trust account.

S.C. Code Ann. Section 29-3-310 (1991) provides:

> Any person who has received full payment or satisfaction or to whom a legal tender has been made of his debts, damages, costs, and charges secured by mortgage of real estate shall, at the request of the mortgagor or of his legal representative or any other person being a creditor of the debtor or a purchaser under him or having an interest in any estate bound by the mortgage *and on tender of the fees of office for entering satisfaction,* within three months after the request is made, enter satisfaction in the proper office on the mortgage which shall forever thereafter discharge and satisfy the mortgage (emphasis added).

S.C. Code Ann. Section 29-3-320 (1991) provides:

> Any person having received such payment, satisfaction or tender as aforesaid who shall not, by himself or his attorney, within three months after such request *and tender of fees of office,* repair to the proper office and enter satisfaction as aforesaid shall forfeit and pay to the person aggrieved a sum of money not exceeding one half of the amount of the debt secured by the mortgage, to be recovered by action in any court of competent jurisdiction within the State. And on judgment being rendered for the plaintiff in any such action, the presiding judge shall order satisfaction to be entered on the judgment or mortgage aforesaid by the clerk, register or other proper office whose duty it shall be, on receiving such order, to record it and to enter satisfaction accordingly (emphasis added).

In their Answers, Appellants asserted as a defense that Kinard failed to tender fees for entering satisfaction as required in Sections 29-3-310 and -320. The trial court found, however, that Kinard tendered the fees of office for entering satisfaction by paying to his attorney at closing the required $5.00 fee. Noting that it is undisputed Fleet instructed the closing attorney that it was not responsible for collecting release fees or recording documents, the trial court held that the attorney

was Fleet's agent for the purpose of recording the satisfaction and that Kinard's tender of the fee to Unger was tantamount to a tender to Fleet and NationsBank. Alternatively, the trial court held that Appellants waived their complaints about lack of a formal tender by instructing that it was not responsible for collecting release fees. In other words, by evidencing a clear indication that it would not accept a tender of the recording fees, Fleet waived its right to object to the lack of tender under the statute. Finally, the trial court held that in view of the agreement which existed between Fleet and the closing attorney that the latter would perform the physical task of recording the satisfied mortgage in the county office, Kinard fulfilled the statutory element of tender.

On appeal, Appellants argue the trial court erred in finding that Kinard had fulfilled the "tender of fees" prong of the statute, and in awarding damages in the absence of any proof by Kinard of the damages he sustained. We disagree.

## I.

In interpreting a statute, the primary rule of construction is to ascertain the intention of the legislature. *First South Savs. Bank, Inc. v. Gold Coast Assocs.*, 301 S.C. 158, 390 S.E. (2d) 486 (Ct. App. 1990). The appellants cite *General Motors Acceptance Corp. v. McMinn*, 285 S.C. 67, 328 S.E. (2d) 472 (1985), for the proposition that penal statutes must be strictly construed, especially when the penalty may result in a windfall to a plaintiff. *McMinn* also stands for the proposition that the requirements of a penal statute must be applied in a manner which results in fairness and justice to the parties. *Id.* A statute is not to be read in an atmosphere of sterility, but in the context of what actually happens when human beings go about the fulfillment of its purposes. *Bolton v. Doe*, 266 S.C. 344, 223 S.E. (2d) 187 (1976). Clearly, the legislative intent in enacting these statutes was to provide and incentive for the mortgagee, once it no longer has a monetary interest in the mortgage loan, to promptly record the extinguishment of the lien.

Under the circumstances presented here, we hold Kinard's remittal of the fees to Unger constituted a tender of the fees sufficient to satisfy the statutory re-

quirement. The statute does not require the fees be paid directly to the mortgagee. Because the payoff statement specifically stated Fleet was not responsible for collecting release fees or recording documents, Fleet tacitly agreed to have Unger record the satisfaction; therefore, the payment to Unger constituted an effective tender of fees. Even if the tender to Unger was not a tender within the meaning of the statute, Fleet waived the formal tender requirement with its statement that it was not responsible for the collection of fees or the recording of documents.

Appellants further argue the legislature could not have intended the trial court's interpretation in light of the recent enactment of S.C. Code Ann. Section 29-3-325 (Supp. 1994). We disagree. That section provides:

When no written instructions to the contrary are given by the mortgagor . . . and when the mortgagee . . . is a financial institution, the mortgagee . . . is responsible for recording the satisfaction or cancellation of the mortgage it holds. . . .

If the financial institution fails to record the satisfaction or cancellation within ninety days of receipt of the full amount necessary to satisfy the debt or obligation secured by the mortgage, it must pay to the mortgagor upon demand a penalty in the amount of one hundred dollars or in the alternative the mortgagor is entitled to the remedies provided by Sections 29-3-310 and 29-3-320 if these sections apply. However, a violation of this section is not considered to be a violation of Sections 29-3-310 and 29-3-320.

First, this section does not apply to this mortgage because it only applies to mortgages executed after December 31, 1992. *See* 1992 Act No. 452, § 3. Moreover, this section permits an aggrieved mortgagor to forego the remedies provided in this provision and elect the remedies provided in Sections 29-3-310 and -320 if applicable. Sections 29-3-310 and -320 clearly apply to this transaction. All the elements necessary to a recovery were met here.

## II.

Appellants also argue the trial court erred in awarding any money judgment because Kinard failed to present evidence of damages. We disagree. Section 29-3-320

has the dual purpose of compensating the aggrieved party and punishing the offender. Similar provisions exist in other states. Miss. Code Ann. § 89-5-21; Okla. Stat. tit. 46, § 15; 21 Pa. Code § 682; *see* Ala. Code § 35-10-30; Ariz. Rev. Stat. Ann. § 33-712; Idaho Code § 45-915; Minn. Stat. § 47.208; Mo. Rev. Stat. § 443.130. While the South Carolina statute provides for payment of a sum not exceeding one-half of the amount of the debt secured by the mortgage, the Pennsylvania statute requires the offending party to pay a sum not exceeding the mortgage money. Thus our statute, while harsh, does not impose a penalty as severe as that imposed by its Pennsylvania counterpart.

No South Carolina case interpreting Section 29-3-320 has been located. While we agree with Appellants that the actual injury sustained by Kinard was a matter for consideration by the trial court, we do not believe a plaintiff in such a case is required to prove actual damages. Appellants argue that use of the term "person aggrieved" in Section 29-3-320 requires a plaintiff to adduce evidence of specific damages. In *Werner v. Automobile Finance Co.*, 347 Pa. 217, 31 A. (2d) 898 (1943), the Pennsylvania Supreme Court considered the elements necessary to a jury's decision on the penalty to be imposed under its statute. The court stated:

> While it has been held that a plaintiff is not required to prove that he has suffered actual damages in order to make out a case, it does not follow that actual damages and other circumstances are not elements for consideration in determining the penalty to be imposed. . . . Certainly the actual injury to plaintiffs is a matter for consideration. Among the circumstances to be considered are also the attitude and conduct of the defendant with reference to the act.

*Id.* 31 A. (2d) at 899 (citations omitted).

We agree with the reasoning of *Werner* that actual injury to the plaintiff, as well as the attitude and conduct of the defendant, are elements for consideration in fixing the amount of the penalty.

Here, Kinard followed Fleet's instructions in satisfying the mortgage and attempting to secure a satisfaction. The only witness called by Appellants offered no cognizable reason as

to why they could not provide Kinard's attorney with a recordable mortgage satisfaction. At the same time Kinard was attempting to obtain a recordable satisfaction from Fleet, Fleet's Charleston office was threatening to report Kinard's attorney to the Bar Association and to the title insurance company because he had been unable to forward the proper documents to the Charleston office. By the time of trial, some twenty-one months after Kinard had paid off the mortgage, he still had not received a recordable satisfaction of mortgage. Under these circumstances, we cannot say the trial court erred in awarding Kinard the full amount of the penalty allowed by Section 29-3-320.

Accordingly, the order of the trial court is

Affirmed.

SHAW and CURETON, JJ., concur.