650 S.E.2d 479

**James BOSTIC, Respondent,**

v.

**AMERICAN HOME MORTGAGE SERVICING, INC., Appellant.**

No. 4278.

Court of Appeals of South Carolina.

Heard June 6, 2007.

Decided July 18, 2007.

David M. Souders and Nancy W. Hunt, both of Washington, D.C. and Jeffrey L. Silver and Donald W. Tyler, Jr., both of Columbia, for Appellant.

Patrick J. McLaughlin, of Florence, for Respondent.

BEATTY, J.

American Home Mortgage Servicing, Inc. (American Home) appeals the circuit court's order granting summary judgment in favor of James Bostic. American Home argues the circuit

court erred in finding that Bostic satisfied the "request" requirement of the Recording Statutes, specifically sections 29–3–310 and 29–3–320 of the South Carolina Code, by sending via certified mail a check for the payoff amount of his mortgage. We reverse and remand.

## FACTS

On June 3, 1977, Bostic entered into a mortgage agreement with Security Savings and Loan Association of Florence to secure a loan in the amount of $22,475.00, on a parcel of land in Florence. At some point during the course of the mortgage, American Home acquired the note and became the successor mortgagee.

On January 26, 2005, Bostic obtained a statement for the payoff amount on the loan, which American Home listed as $4,848.23. The payoff amount included a "release fee" and a "recording fee." On February 4, 2005, Bostic sent by certified mail a cashier's check to the order of American Home in the amount of $4,848.23. Three days later, American Home received and signed for Bostic's check. Bostic claimed to have contacted American Home numerous times by telephone to inquire about the release of the payoff documents. According to Bostic, he was informed that the release documents would be sent directly to him and they were in the mail.

On May 16, 2005, American Home sent Bostic a letter, stating the loan "has been paid in full effective 02/11/2005. The payoff release documents will be mailed within 60–90 days from this date." Another letter, with identical wording, was sent by American Home to Bostic on May 18, 2005.

On May 31, 2005, Bostic, through counsel, sent American Home's two locations a certified letter which stated in pertinent part:

> As more than 90 days have elapsed since this loan was paid off and the mortgage satisfaction has not been provided to Mr. Bostic nor filed with the court, you are in violation of § 29–3–310, S.C.Code Ann. (2004). I hereby request that you tender, within thirty days, the mortgage satisfaction to our office, along with a penalty check for the amount of $11,237.50, which represents half of the amount of the debt

secured by the mortgage, which Mr. Bostic is entitled to pursuant to S.C.Code Ann. (2004) § 29–3–320.

On June 3 and June 6, 2005, both American Home locations respectively received and signed for the two demand letters.

Having received no further response from American Home, Bostic filed a Complaint dated June 14, 2005, in which he alleged the following causes of action: (1) violation of section 29–3–310 of the South Carolina Code; (2) breach of contract with fraudulent intent; and (3) breach of contract. In terms of damages, Bostic sought the statutory penalty provided in sections 29–3–310 and 29–3–320, as well as actual and punitive damages pursuant to the contract claims. In its Answer, dated September 16, 2005, American Home generally denied the allegations and asserted that it had complied with the statutory provisions by filing Bostic's mortgage satisfaction on August 29, 2005.

Both parties filed cross-motions for summary judgment. After a hearing, the circuit court issued an order on March 6, 2006, in which it granted Bostic's motion for summary judgment and denied American Home's motion. Specifically, the court held:

> The Court finds, as a matter of law, that the Plaintiff's payment of the payoff amount ($4,848.23) which included the "Release fee" and "Filing fee," which was sent by certified mail, and accepted and retained by Defendant, was sufficient to satisfy the request requirement of § 29–3–310 S.C.Code Ann. (2004). Additionally, taking the evidence in the light most favorable to [American Home], [American Home] failed to comply with its own correspondence which stated that the mortgage satisfaction would be filed within 60–90 days of May 16, 2005.

> The Court further finds that [American Home's] failure to file [Bostic's] mortgage satisfaction until August 29, 2005 constitutes a violation of § 29–3–310 S.C.Code Ann. (2004), and subjects [American Home] to the statutory penalty section § 29–3–320 S.C.Code Ann. (2004).

Additionally, the court ordered the parties to schedule a hearing to determine damages. American Home appeals the

circuit court's order.[1]

## STANDARD OF REVIEW

The circuit court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). "In determining whether any triable issues of fact exist, the circuit court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party." *RWE NUKEM Corp. v. ENSR Corp.*, 373 S.C. 190, 644 S.E.2d 730 (2007) (Shearouse Adv. Sh. No. 18 at 21). " '[I]n considering cross motions, the court should draw all inferences against each movant in turn.' " *Id.* at 24 (quoting 73 Am.Jur.2d *Summary Judgment* § 43 (2001)). "On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below." *Vaughan v. McLeod Reg'l Med. Ctr.*, 372 S.C. 505, 509, 642 S.E.2d 744, 746 (2007).

"The issue of interpretation of a statute is a question of law for the court. We are free to decide a question of law with no particular deference to the circuit court." *Catawba Indian Tribe of South Carolina v. State*, 372 S.C. 519, 524, 642 S.E.2d 751, 753 (2007) (citations omitted).

## DISCUSSION

American Home argues the circuit court erred in holding Bostic's submission of the payoff check satisfied the "request" requirement of the Recording Statutes.[2]

---

1. As evident from the circuit court's order, Bostic's breach of contract claims were not at issue during the hearing on the motions for summary judgment. Accordingly, we confine our analysis to Bostic's cause of action involving the imposition of a statutory penalty.

2. Although American Home raises two separate issues, we have consolidated them into one issue in the interest of brevity and clarity.

The Recording Statutes that American Home references are sections 29–3–310 and 29–3–320 of the South Carolina Code.

Section 29–3–310 provides:

Any holder of record of a mortgage who has received full payment or satisfaction or to whom a legal tender has been made of his debts, damages, costs, and charges secured by mortgage of real estate shall, *at the request* by certified mail or other form of delivery with a proof of delivery of the mortgagor or of his legal representative or any other person being a creditor of the debtor or a purchaser under him or having an interest in any estate bound by the mortgage and on tender of the fees of office for entering satisfaction, within three months after the certified mail, or other form of delivery, with a proof of delivery, *request is made,* enter satisfaction in the proper office on the mortgage which shall forever thereafter discharge and satisfy the mortgage.

S.C.Code Ann. § 29–3–310 (2007) (emphasis added). In conjunction, section 29–3–320 provides the statutory penalty for those mortgagees that fail to comply with section 29–3–310. Section 29–3–320 states:

Any holder of record of a mortgage having received such payment, satisfaction, or tender as aforesaid who shall not, by himself or his attorney, within three months after such certified mail, or other form of delivery, with a proof of delivery, request and tender of fees of office, repair to the proper office and enter satisfaction as aforesaid shall forfeit and pay to the person aggrieved a sum of money not exceeding one-half of the amount of the debt secured by the mortgage, or twenty-five thousand dollars, whichever is less, plus actual damages, costs, and attorney's fees in the discretion of the court, to be recovered by action in any court of competent jurisdiction within the State. And on judgment being rendered for the plaintiff in any such action, the presiding judge shall order satisfaction to be entered on the judgment or mortgage aforesaid by the clerk, register, or other proper officer whose duty it shall be, on receiving such order, to record it and to enter satisfaction accordingly.

Notwithstanding any limitations under Sections 37–2–202 and 37–3–202, the holder of record of the mortgage may charge a reasonable fee at the time of satisfaction not to

exceed twenty-five dollars to cover the cost of processing and recording the satisfaction or cancellation. If the mortgagor or his legal representative instructs the holder of record of the mortgage that the mortgagor will be responsible for filing the satisfaction, the holder of the mortgage shall mail or deliver the satisfied mortgage to the mortgagor or his legal representative with no satisfaction fee charged.

S.C.Code Ann. § 29–3–320 (2007).

Because our decision in this case requires us to determine what constitutes a "request" as referenced in the above-outlined statutes, we are guided by the principles of statutory construction.

■■■ "South Carolina has long recognized the principle that penal statutes are to be strictly construed." *Hinton v. South Carolina Dep't of Prob., Parole and Pardon Servs.,* 357 S.C. 327, 332, 592 S.E.2d 335, 338 (Ct.App.2004). "Furthermore, even though penal statutes are to be strictly construed, 'the canons of construction certainly allow the court to consider the statute as a whole and to interpret its words in the light of the context.'" *Rorrer v. P.J. Club, Inc.,* 347 S.C. 560, 567, 556 S.E.2d 726, 730 (Ct.App.2001)(quoting *State v. Standard Oil Co. of N.J.,* 195 S.C. 267, 288, 10 S.E.2d 778, 788 (1940)). "We should consider not merely the language of the particular clause being construed, but the word and its meaning in conjunction with the purpose of the whole statute and the policy of the law." *Rorrer,* 347 S.C. at 567, 556 S.E.2d at 730.

The primary rule of statutory construction is to ascertain and give effect to the intent of the Legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). "The first question of statutory interpretation is whether the statute's meaning is clear on its face." *Wade v. Berkeley County,* 348 S.C. 224, 229, 559 S.E.2d 586, 588 (2002). If a statute's language is plain, unambiguous, and conveys a clear meaning, then "the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Hodges v. Rainey,* 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). The words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Hitachi Data Sys. Corp. v. Leatherman,* 309 S.C.

174, 178, 420 S.E.2d 843, 846 (1992). "A statute as a whole must receive practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers. The real purpose and intent of the lawmakers will prevail over the literal import of particular words." *Sloan v. South Carolina Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 468, 636 S.E.2d 598, 606–07 (2006).

As previously stated, our analysis will be focused on the limited question of what constitutes a "request" within the meaning of the Recording Statutes. Our review of this state's appellate decisions reveals that there is no case specifically addressing this issue.[3] Therefore, we rely on secondary authority for a general definition of "request" and then turn to case law from other jurisdictions which discuss the specifics of this term in the context of recording statutes.

The term "request" as related to the mortgage satisfaction procedure has been defined as follows:

> A demand or request to the mortgagee to enter satisfaction of the mortgage is a condition precedent to the right to sue for the statutory penalty. No particular form of words is necessary for this demand; it is sufficient if it informs the mortgagee with reasonable certainty that an entry of satisfaction of the particular mortgage is requested.

59 C.J.S. *Mortgages* § 483 (1998 & Supp.2007) (discussing cases involving the penalties or damages which relate to the

---

**3.** In his motion for summary judgment and in his brief, Bostic cites several cases from this court that he believes are significant because they discuss sections 29–3–310 and 29–3–320. *See Rowell v. Whisnant*, 360 S.C. 181, 186–87, 600 S.E.2d 96, 99 (Ct.App.2004) (discussing section 29–3–310 and finding creditor was not required to satisfy note and mortgage until debtor paid appropriate amount of attorney's fees due under the note); *Swindler v. Swindler*, 355 S.C. 245, 254–55, 584 S.E.2d 438, 443 (Ct.App.2003) (applying Article 3 of the Uniform Commercial Code to note secured by a mortgage on real property and remanding with instructions to enter satisfaction of the mortgage in accordance with section 29–3–310); *Kinard v. Fleet Real Estate Funding Corp.*, 319 S.C. 408, 412–13, 461 S.E.2d 833, 835–36 (Ct.App.1995) (holding mortgagor's remittal of recording fees constituted "tender of the fees of office for entering satisfaction" pursuant to section 29–3–310 and affirming trial court's award of statutory penalty allowed by section 29–3–320). Although these cases are tangentially instructive, we do not believe they are dispositive given the interpretation of a "request" was not at issue.

release or satisfaction of mortgages). Another secondary authority provides a more detailed analysis:

A notice or request to the mortgagee that he or she enter a satisfaction or execute a release of a satisfied mortgage is a condition precedent to a right of action for the statutory penalty for a failure to do so. Usually, the statutes do not prescribe the form or substance of the notice, and it is held that the notice or request may be either written or oral, and need not be presented in any particular form. In this respect, it is generally held that a demand to satisfy is sufficient which calls to the attention of the mortgagee the fact that the indebtedness secured by the mortgage has been paid, and requests in consideration of that payment that a satisfaction of the mortgage be executed or entered. The language of the notice must, however, in its fair and reasonable meaning, inform the mortgagee as to what is desired ... Moreover, the request not only must be worded in proper terms, but must also, where written, be signed by the proper party or parties, and be delivered to the proper person.

55 Am.Jur.2d *Mortgages* § 440 (1996 & Supp.2007) (analyzing cases involving the satisfaction and discharge of mortgages).

Although we have reviewed numerous cases from other jurisdictions, we narrow our focus to a case issued by the Pennsylvania Supreme Court rather than engage in a lengthy recitation of cases. *See generally* J.Q.L., Annotation, *Validity and Construction of Statute Allowing Penalty and Damages Against Mortgagee Refusing to Discharge Mortgage on Real Property,* 56 A.L.R. 335 (1928 & Supp.2007) ("In a number of jurisdictions ... statutes have been passed which, although varying somewhat in their specific provision, provide in general that a mortgagee who has received payment of the mortgage debt must enter a satisfaction thereof on the mortgage record, or execute a release of the mortgage, within a certain period after having been requested to do so by the mortgagor; and that, on his failure to do so, he may be held liable by the mortgagor, for a definite sum, and for additional damages which the mortgagor may have sustained as a result of the mortgagee's refusal.").

In *O'Donoghue v. Laurel Savings Association,* the Pennsylvania Supreme Court analyzed state mortgage statutes, which are similar to our statutes,[4] and considered the question of what constitutes a "request" to mark a mortgage satisfied for the purposes of imposing a statutory penalty pursuant to the Mortgage Satisfaction Law.[5] *O'Donoghue v. Laurel Sav. Ass'n,* 556 Pa. 349, 728 A.2d 914 (1999).

In *O'Donoghue,* the mortgagors obtained three loans from the predecessor to Laurel Savings Association (Laurel) in 1978 and 1980. On June 22, 1988, the mortgagors entered into a refinancing agreement with Laurel which resulted in a Laurel representative marking on the loan settlement sheet that the original three loans had been satisfied. *Id.* at 915. In July or August of 1992, the mortgagors discovered that the original three loans appeared on their credit report as outstanding debt even though they had been paid in full. By letter dated November 17, 1992, the mortgagors through an attorney demanded that Laurel immediately mark each loan satisfied. Laurel complied within eight days of the demand letter. Ten months later, the mortgagors filed a Complaint alleging they had suffered damages as a result of Laurel's negligence.

---

4. *O'Donoghue v. Laurel Sav. Ass'n,* 556 Pa. 349, 728 A.2d 914, 916 (1999) (discussing 21 P.S. §§ 681 & 682). Section 681 provides:

Any mortgagee of any real or personal estates in the Commonwealth, having received full satisfaction and payment of all such sum and sums of money as are really due to him by such mortgage, shall, at the request of the mortgagor, enter satisfaction either upon the margin of the record of such mortgage recorded in the said office or by means of a satisfaction piece, which shall forever thereafter discharge, defeat and release the same; and shall likewise bar all actions brought, or to be brought thereupon.

Section 682 states:

And if such mortgagee, by himself or his attorney, shall not, within forty-five days after request and tender made for his reasonable charges, return to the said office, and there make such acknowledgement as aforesaid, he, she or they, neglecting so to do, shall for every such offence, forfeit and pay, unto to party or parties aggrieved, any sum not exceeding the mortgage-money, to be recovered in any Court of Record within this Commonwealth, by bill, complaint or information.

5. We note this court has previously referenced a Pennsylvania appellate decision. *Kinard,* 319 S.C. at 414, 461 S.E.2d at 836 (stating that no South Carolina case interpreting section 29–3–320 had been located and relying on a decision of the Pennsylvania Supreme Court).

Included in their twelve causes of action, the mortgagors requested the imposition of a statutory fine for Laurel's failure to satisfy the mortgages pursuant to the state mortgage satisfaction law. *Id.* Subsequently, the trial court granted Laurel's motion for summary judgment on this cause of action. On appeal, the Superior Court affirmed the summary judgment order, finding that a written request for satisfaction was necessary before a mortgagee was obligated to record satisfaction of a mortgage. *Id.* at 916. The Court further held that Laurel complied with the mortgage satisfaction law because the demand letter dated November 17, 1992, was the first written request for satisfaction and Laurel recorded the satisfaction within eight days of receiving the letter. *Id.*

The Pennsylvania Supreme Court granted the mortgagors' Petition for Allowance of Appeal. On appeal, the Court affirmed, but modified, the Superior Court's decision. The Court held "[t]he language of the statute and the common and ordinary meaning of the word 'request' lead us to conclude that the Mortgage Satisfaction Law does not mandate a written request, and that a verbal request will suffice." *Id.* at 918. In reaching this conclusion, the Court dissected the mortgage satisfaction law and differentiated between the satisfaction of a mortgage and marking the mortgage satisfied. Specifically, the Court stated:

> The statute does not automatically obligate a mortgagee to mark the mortgage satisfied upon receipt of all money due pursuant to the loan. Instead, a mortgagor has an affirmative duty to make his or her desire to have the mortgage marked satisfied known to the mortgagee before an obligation arises. 21 P.S. § 682. Thus, to prove entitlement to the fine pursuant to 21 P.S. § 682, a mortgagor must demonstrate the following: (a) he has paid all sums due and owing pursuant to the mortgage; (b) he requested the mortgagee to satisfy the mortgage; and (c) the mortgagee failed to mark the mortgage satisfied within forty-five days of the request.

*Id.* at 917. In determining what constitutes a "request," the Court found the Superior Court erred in reading a writing requirement into the statute. *Id.* Relying on secondary authority, the Supreme Court concluded "[t]he ordinary meaning of the term request ... encompasses either verbal or written

expression." *Id.* Based on this conclusion, the Supreme Court additionally found that "a verbal agreement that the mortgagee will record the payment of the mortgage fulfills the request requirement of Section 681 and 682." *Id.* at 918. Ultimately, the Supreme Court affirmed the Superior Court's decision on the ground that the verbal exchange between the mortgagor and Laurel during the refinancing negotiations, prior to the demand letter, was not sufficient to constitute a "request." Because the demand letter constituted the first "request" and Laurel promptly complied with it, the Supreme Court found Laurel did not violate the mortgage satisfaction law. *Id.* at 919.

 Guided by the principles in the above discussion and keeping in mind our primary responsibility, to effectuate the intent of the Legislature, we conclude the term "request" in the Recording Statutes, specifically sections 29-3-310 and 29-3-320, does not mandate a particular format. Instead, the request must operate to inform the mortgagee of the mortgagor's desire for the satisfied mortgage to be recorded. Once the mortgage has been satisfied and the mortgagor expresses this desire, it is incumbent upon the mortgagee "to promptly record the extinguishment of the lien." *See Kinard v. Fleet Real Estate Funding Corp.,* 319 S.C. 408, 412, 461 S.E.2d 833, 835 (Ct.App.1995) ("Clearly, the legislative intent in enacting these statutes was to provide an incentive for the mortgagee, once it no longer has a monetary interest in the mortgage loan, to promptly record the extinguishment of the lien."). Because the Legislature has not issued a specific directive that a "request" must be written or in some particular format, we decline to read such requirement into the statute.

American Home, however, contends the Legislature's decision to amend the statute in 1999 to require that a request be sent via certified mail is evidence that the Legislature wanted to "strengthen" the request requirement and, thus, the mortgagor is required to send a written request. Act No. 67, 1999 S.C. Acts 226. We disagree with this contention, and instead believe the Legislature added the certified mail requirement in order for the mortgagor and the mortgagee to definitively establish the beginning of the three-month period in which the mortgagee was required to record the mortgage satisfaction. Additionally, we note the statute does not restrict the method

of verification to only certified mail, but instead, provides the mortgagor may make the request "by certified mail *or other form of delivery.*" S.C.Code Ann. § 29-3-310 (2007) (emphasis added). Thus, it would be permissible under the statute for a mortgagor to make an oral request to the mortgagee and then the mortgagee acknowledge the request either verbally or through another form of communication such as a letter or electronic mail.

Turning to the facts of the instant case, we disagree with the circuit court's decision that American Home violated section 29-3-310 and was subject to the statutory penalty under section 29-3-320.

As previously discussed, we find a written request is not mandated by section 29-3-310. Instead, we believe the statute is satisfied if the mortgagor: (1) makes a "request," either verbal or written, in which he expresses his desire for the mortgagee to satisfy the mortgage and; (2) demonstrates that the mortgagee has received or agreed to this request.

Here, we find that Bostic's payoff check sent by certified mail was insufficient to constitute a "request" within the meaning of the statute. Clearly, the cashier's check without additional correspondence, either verbal or written, did not affirmatively convey to American Home that Bostic expressly desired to have his mortgage recorded as satisfied. By sending the payoff check, Bostic effectively satisfied his mortgage. However, this check was only the first step in the mortgage satisfaction process. In order for Bostic to recover the statutory penalty under section 29-3-320, he had to satisfy the condition precedent of making a "request" for American Home to record his mortgage as satisfied.

Bostic asserts that his alleged telephone conversations with American Home after he mailed the payoff check could be construed as a "request." However, there is no evidence in the record that an American Home representative spoke with Bostic. Because this case was presented to the circuit court at the summary judgment stage and there is no definitive evidence that a verbal agreement was reached during these telephone conversations, we cannot find that American Home

was given a sufficient "request" which obligated it to mark the mortgage satisfied within the statutory time period.

Alternatively, Bostic contends the letters from American Home dated May 16 and 18, 2005, implicitly indicate that American Home understood that he had made a "request." Specifically, Bostic points to the text of the letters which states that American Home would mail to Bostic the payoff release documents within sixty to ninety days. These letters, however, do not reference that a "request" was made by Bostic. The letters merely indicate that American Home acknowledged that it had received the payoff amount and that the mortgage was paid off. This acknowledgement, however, did not automatically entitle Bostic to the statutory penalty. Instead, Bostic would only have been entitled to the statutory penalty if he paid off the mortgage, affirmatively made a verifiable "request" to American Home, and American Home failed to comply with the request within the statutorily-pre-scribed time period. Bostic, however, failed to present evidence that the parties engaged in a verbal exchange in which Bostic orally made a "request" and American Home agreed to honor this request.

As we read the limited record, Bostic's certified letter dated May 31, 2005, which was received by American Home on June 3 and June 6, 2005, was the only correspondence which satisfied the "request" requirement within the meaning of section 29–3–310. American Home filed Bostic's mortgage satisfaction within ninety days of this "request." Thus, given the record before us, there is no evidence that American Home violated the provisions of section 29–3–310 which would subject it to the statutory penalty under section 29–3–320.

Accordingly, we reverse the grant of summary judgment to Bostic and remand for trial.

Based on the foregoing, the circuit court's order is

**REVERSED AND REMANDED.**

ANDERSON and HUFF, JJ., concur.