**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

American Community Bank, a division of Yadkin Valley Bank & Trust, Respondent,

v.

Michael R. Brown; C. W. Horne; Shortt Auction & Realty Co., Inc.; Bank of America, N.A.; and Jaguar Portfolio, LLC, Defendants,

Of Whom Michael R. Brown is Appellant.

Appellate Case No. 2012-213587

Appeal From Chesterfield County
J. Michael Baxley, Circuit Court Judge

Unpublished Opinion No. 2015-UP-320
Submitted March 1, 2015 – Filed July 1, 2015

**AFFIRMED**

John Martin Foster, of Rock Hill, for Appellant.

James W. Sheedy and Susan Elizabeth Driscoll, both of Driscoll Sheedy, P.A., of Charlotte, NC, for Respondent.

**PER CURIAM:**  Michael R. Brown appeals the trial court's grant of summary judgment in favor of American Community Bank (the Bank).  On appeal, Brown argues the trial court erred in granting the Bank's motion for summary judgment because the evidence showed a genuine issue of material fact existed as to whether the Bank (1) waived its rights to enforce its mortgage lien and collect the outstanding balance on its loan to Brown, (2) improperly failed to satisfy Brown's mortgage, and (3) violated the South Carolina Unfair Trade Practices Act (SCUTPA).  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  We find Brown presented no evidence that the Bank waived its right to collect the outstanding balance on its loan.  *See Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 438-39 (2003) ("In reviewing the grant of a summary judgment motion, the [appellate court] applies the same standard as the trial court under Rule 56(c), SCRCP . . . ."); Rule 56(c), SCRCP (stating summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439 ("In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party."); *King v. James*, 388 S.C. 16, 30, 694 S.E.2d 35, 42 (Ct. App. 2010) ("A waiver is a voluntary and intentional abandonment or relinquishment of a known right. . . .  In order for a party to waive a right, the party must have known of the right and known that the right was being abandoned.").

2.  Brown admitted he never paid off the mortgage; therefore, we find the Bank did not fail to satisfy his mortgage.  *See* S.C. Code 29-3-310 (2007) ("Any holder of record of a mortgage who has *received full payment or satisfaction* or to whom a legal tender has been made of his debts, damages, costs, and charges secured by mortgage of real estate shall, at the request . . . of the mortgagor . . ., enter satisfaction in the proper office on the mortgage which shall forever thereafter discharge and satisfy the mortgage." (emphasis added)); *Dykeman v. Wells Fargo Home Mortg., Inc.*, 381 S.C. 333, 339, 673 S.E.2d 804, 807 (2009) (stating payment of the mortgage is the first step in the mortgage satisfaction process set forth in section 29-3-310).

3. We find the trial court properly granted summary judgment as to Issue 3 because Brown presented no evidence that his claims impacted the public interest. *See Dawkins*, 354 S.C. at 69, 580 S.E.2d at 438-39 ("In reviewing the grant of a

summary judgment motion, the [appellate court] applies the same standard as the trial court under Rule 56(c), SCRCP . . . ."); Rule 56(c), SCRCP (stating summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Dawkins*, 354 S.C. at 69, 580 S.E.2d at 439 ("In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party."); *Noack Enterp., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.*, 290 S.C. 475, 479, 351 S.E.2d 347, 349-50 (Ct. App. 1986) ("An unfair or deceptive act or practice that affects only the parties to a trade or a commercial transaction is beyond [SCUTPA's] embrace . . . . To be actionable under [SCUTPA], therefore, the unfair or deceptive act or practice in the conduct of trade or commerce must have an impact upon the public interest. [SCUTPA] is not available to redress a private wrong where the public interest is unaffected." (citation omitted)); *Schnellmann v. Roettger*, 368 S.C. 17, 23, 627 S.E.2d 742, 746 (Ct. App. 2006), *aff'd as modified*, 373 S.C. 379, 645 S.E.2d 239 (2007) ("An impact on the public interest may be shown if the acts or practices have the potential for repetition. The potential for repetition may be shown by proving that the same kind of actions occurred in the past or by showing that the procedures employed by the defendant create a potential for repetition of the deceptive practices." (citation omitted)).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.